UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## PRETRIAL ORDER NO. 4

This Order governs docketing and filing procedures in all actions that have been or will be filed in, removed to, or transferred to this Court as part of the Depo-Provera (depot medroxyprogesterone acetate) Products Liability Litigation.

### I. Master Docket

The Clerk of Court will maintain a master docket under the style *In re: Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation*, No. 3:25-md-3140-MCR-HTC. All pleadings and other documents filed in the MDL must bear the same caption as this Order. When a document is intended to apply to all actions, this must be indicated by the words: "This Document Relates to: All Cases." When a document is intended to apply to fewer than all cases, the style and docket number for each individual case to which the document relates must appear immediately after or below the words "This Document Relates to" in the caption.

Documents that pertain to fewer than all cases must also be filed in both the master docket and the individual case docket, unless a court order specifies otherwise.

## II.   Individual Dockets

The Clerk will also maintain a separate docket for each related action that is filed in, removed to, or transferred to this MDL. Each such individual action will be assigned a new case number. Any attorney who files a Notice of Appearance in an individual case will be listed on the docket for that case.

## III.   Electronic Filing

All documents filed in the MDL must be filed electronically and in compliance with the Local Rules and the Court's CM/ECF Attorney User's Guide, which is available at http://www.flnd.uscourts.gov/cmecf-attorney-users-guide. An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application must be in writing, filed with the Clerk, and state the reason for the attorney's inability to comply. *Pro se* litigants who have not been authorized to file electronically will continue to file their initial pleadings with the Clerk in the traditional manner, on paper.[1]

---

[1] The Court anticipates establishing a process by which *pro se* Plaintiffs may submit later filings to the Clerk's Office via electronic means. Any change in procedure will be communicated to *pro se* Plaintiffs with filed cases.

### IV. Attorney Admission

Out-of-state attorneys of record in cases transferred to this Court pursuant to the Judicial Panel on Multidistrict Litigation's ("Panel") order who are not already admitted to practice in the Northern District of Florida **and** out-of-state attorneys who initiate cases independent of the Panel's transfer process must be admitted through a modified version of the Court's *pro hac vice* admission process, in accordance with the "Pro Hac Vice Admission - for Non-Florida Bar Members" instructions and Attorney Admission Memo, available at https://www.flnd.uscourts.gov/attorney-information.[2]

The Court authorizes two modifications to the normal admissions process:

*First*, the requirement to "[s]ubmit a Certificate of Good Standing from the bar of the jurisdiction where the attorney resides or regularly practices law" is waived for all attorneys seeking *pro hac vice* admission in this MDL.[3] Instead, attorneys need only certify that they are admitted to practice and a member in good standing of the bar of the jurisdiction where they reside or regularly practice law.

*Second*, the Court understands that some counsel may have already paid *pro hac vice* fees in other district courts for Depo-Provera cases that are now being transferred to the Northern District of Florida. The Court does not require that a

---

[2] Association with local counsel is not required.

[3] This waiver does not extend to non-MDL cases in this Court.

Case No. 3:25-md-3140-MCR-HTC

second *pro hac vice* fee be paid in the Northern District of Florida if counsel certifies he or she already paid such fees in Depo-Provera cases being transferred here.

Exemplar motions to appear *pro hac vice* both for those attorneys who have not previously paid a fee and for those who have previously paid a fee, respectively, are included as **Exhibits A and B** to this Order. Any motion to appear *pro hac vice* must be filed **only** in the master docket. Filing a *pro hac vice* motion in an individual docket may result in duplicative fees **that will not be refunded**. Plaintiffs' attorneys should select that their *pro hac vice* motion is on behalf of a "NOTICE ONLY" party when instructed to "Select the Party" for the filing on CM/ECF. "NOTICE ONLY" attorneys will have full access to the master docket, including the ability to file. Attorneys who have already registered on PACER for a *pro hac vice* account in this Court in a previous unrelated action are reminded that they should not submit another Registration request in PACER before filing a motion to appear *pro hac vice*.

Attorneys who are admitted to practice in the Northern District of Florida do not need to seek any special admission for the MDL. They need only file a Notice of Appearance in accordance with Section V, *infra*. Similarly, attorneys who are admitted to the Florida Bar but not the Northern District of Florida's Bar should seek admission to this Court according to its standard procedures, in accordance with the Attorney Admission Memo, available at https://www.flnd.uscourts.gov/attorney-information.

### V. Notice of Appearance

All attorneys seeking to appear in this MDL must file a Notice of Appearance in all individual cases in which the attorney is an attorney of record. Attorneys who are admitted to practice in the Northern District of Florida (i.e., not admitted *pro hac vice*) must also file a Notice of Appearance on the main docket. When doing so, Plaintiffs' attorneys should indicate that their appearance is on behalf of a "NOTICE ONLY" party when instructed to "Select the Party" for the filing on CM/ECF. "NOTICE ONLY" attorneys will have full access to the master docket, including the ability to file.

### VI. Service

Unless the Parties agree otherwise, service must be made on each Defendant in accordance with the Federal Rules of Civil Procedure. As indicated in Pretrial Order No. 2 (ECF No. 3), stipulations regarding service of process are a part of the agenda for the initial case management conference.

**SO ORDERED**, on this 13th day of February, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:25-md-3140-MCR-HTC