**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 25-md-3140 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Case Management Order No. 1, the Parties respectfully submit this Rule 26(f) report and proposed discovery plan.

## I.    RULE 26 CONFERENCE

Pursuant to Case Management Order No. 1, the Parties held a Rule 26(f) meeting on March 3, 2025. The meeting took place at Dechert LLP, 1095 Avenue of the Americas, New York, NY, and was attended by the following individuals[1]:

| For Plaintiffs | For Defendants |
|---|---|
| Chris Seeger | *For Pfizer:* |
| Dave Buchanan | Joe Petrosinelli |
| Jennifer Hoekstra | Jess Rydstrom |
| Bryan Aylstock | Megan Bechtel |

---

[1] Special Master David Herndon attended as well as Orran Brown and Jake Woody from BrownGreer PLC.

| For Plaintiffs | For Defendants |
|---|---|
| Ellen Relkin | Loren Brown |
| Virginia Buchanan | Ed Gramling (Director of Legal Operations, Pfizer) |
| Tracy Finken | *For Viatris/Greenstone:* |
| Caleb Seeley | Clem Trischler |
| Savannah Green | Jason Reefer |
| Alana Bevan | Frank Stoy |
| Elizabeth Koenig (ESI Vendor; ILS) | Mark Cheffo |
| | Mara Cusker Gonzalez |
| | Brad Matta (Viatris/Greenstone Legal) |
| | Rob DeFerrari (Viatris/Greenstone Legal) |
| | Charles Beall |
| | *For Prasco:* |
| | PJ Cosgrove |
| | Kevin Bandy |
| | Georgia Hatzis |
| | Dan Neal (Chief Technology Officer; Prasco) |

At the Rule 26(f) meeting as well as in subsequent meet and confers, the Parties discussed, among other things: (1) overall scheduling for the MDL, including the sequence of discovery; (2) BrownGreer's services as the MDL's Data Administrator and host of a centralized document repository; (3) Defendants' IT infrastructure,

2

computer systems, and hard-copy archives, including the location of potentially discoverable material; (4) custodians; (5) custodial and non-custodial sources of data; (6) an ESI protocol; (7) technology assisted review and Pfizer's search term process; (8) a centralized document repository; (9) a confidentiality and privilege order including phased privilege review; (10) a deposition protocol; (11) a direct filing order and a service order; (12) Defendants' corporate structure; (13) Rule 26 initial disclosures; (14) Science Day; (15) simplified service and master pleadings; (16) certain medical monitoring class issues; (17) a Plaintiff threshold proof of use and injury questionnaire with associated order; and (18) dismissal of the authorized generic distributor Defendants. Additionally, per Case Management Order No. 1, the Parties were accompanied by technical consultants and, in the case of Defendants, in-house counsel or IT personnel.

In advance of the Rule 26(f) meeting, the Parties exchanged several draft orders and preliminary information requests; Plaintiffs further provided Defendants with early Rule 34 Document Requests on March 2, 2025, to facilitate meaningful discussions on discovery from Defendants. These early exchanges, together with the comprehensive agenda guided by Case Management Order No. 1 and further developed by the Parties, facilitated a very productive Rule 26(f) meeting. As discussed in further detail below, the Parties made substantial progress on these issues, including with respect to the draft orders attached hereto as **Exhibits A-G**.

## II.   DIRECT FILING

The Parties discussed and agreed upon a Proposed Direct Filing order, which is attached hereto as **Exhibit A.**

## III.   SERVICE OF PROCESS

The Parties discussed an abbreviated service procedure using BrownGreer's MDL Centrality platform and emailed or electronic-only service.  The Parties agreed upon a Proposed Order to that end, which is attached hereto as **Exhibit B.**

## IV.   PLEADINGS, PROPOSED DEADLINES, PROTECTIVE PROTOCOLS

### A. Master and Short Form Pleadings

The Parties discussed the benefits of master and short form pleadings. The Parties agreed that, given the Pilot Case process and the anticipated deadlines involved with the common defenses, master and short form pleadings are not contemplated at this time. The Parties discussed that the motions regarding the common defenses or preemption and general causation would be filed and addressed on both the master docket for all cases and the individual Pilot Cases, and that the Court's rulings on these issues would apply to all claims in the MDL.

### B.  Scheduling Deadlines for the Pilot Cases

The Parties discussed scheduling deadlines for the Pilot Cases.  The Parties worked collaboratively to set deadlines for amending pleadings, adding parties, and discovery for the early common defenses that aligned with the Court's preference for simultaneous discovery tracks of no more than 120 days for preemption and 180

days for general causation as expressed in CMO No. 1.  All Defendants stated they would not file any Rule 12 motion and agreed to answer and provide Rule 26(a)(1) initial disclosures.  Plaintiffs indicated that they anticipate expert testimony in support of their opposition to any dispositive motion regarding preemption; Defendants disagree that any expert testimony or evidence will be relevant to their preemption motions.  The Parties discussed that the authorized generic DMPA distributor defendants (Greenstone and Prasco) do not own and never have owned the NDA for Depo-Provera, and, as such, the grounds upon which Prasco and Greenstone base their respective preemption motions will differ from Pfizer's. The Parties agreed upon a Proposed Scheduling Order for the Pilot Cases, attached hereto as **Exhibit C.**

Key deadlines from the Proposed Order include the following:

| March 13, 2025 | Deadline for Pilot Case Plaintiff(s) to file amended complaint(s) |
|---|---|
| March 27, 2025 (14 days after second CMC) | Discovery opens |
| March 27, 2025 (14 days after second CMC) | Defendants to Answer and serve 26(a)(1) disclosures in Pilot Cases |
| May 11, 2025 (45 days after start of discovery) | Defendants' certification of completion of document production on preemption and general causation |
| July 25, 2025 (75 days after Defendants' certification/120 days after start of discovery) | Close of preemption discovery |

| August 24, 2025 (30 days after close of preemption discovery) | Motions for summary judgment regarding preemption to be filed |
|---|---|
| September 23, 2025 (30 days after opening preemption motion briefs) | Opposition to preemption MSJs to be filed |
| September 30, 2025 (7 days after oppositions to preemption motions) | Replies in support of preemption MSJs to be filed, if requested by Defendants and permitted by Court |
| September 23, 2025 (135 days after Defendants' certification/180 days after start of discovery) | Close of general causation fact discovery |
| October 23, 2025 (30 days after close of general cause discovery) | Plaintiffs' general causation expert disclosures |
| November 22, 2025 (30 days after Plaintiffs' general cause expert disclosures) | Defendants' general causation expert disclosures |
| January 10, 2026 (50 days after Defendants' general cause expert disclosures) | Deadline for depositions of all general causation experts |
| February 10, 2026 (30 days after deadline for depositions of general cause experts) | Rule 702 motions regarding general causation experts to be filed |
| March 12, 2026 (30 days after opening Rule 702 motions filed) | Oppositions to Rule 702 motions to be filed |
| March 19, 2026 (7 days after oppositions to Rule 702 motions) | Replies in support of Rule 702 motions to be filed, if requested by movants and permitted by Court |

### C. Protective Protocols

The Parties also discussed protocols for protecting sensitive information. The

Parties have agreed upon a Proposed Confidentiality Order, which is attached hereto

as **Exhibit D**.[2]

## V.    THRESHOLD PROOF OF USE AND INJURY

The Parties discussed a threshold proof of use and injury questionnaire at the Rule 26(f) meeting, including compatibility with BrownGreer's MDL Centrality platform. The Parties' agreed upon the proposed Threshold Proof of Use and Proof of Injury Order is attached hereto as **Exhibit E**.

## VI.    COMPUTER SYSTEMS

Defendants shared preliminary information about their IT infrastructure and hard copy archives, including the locations of potentially discoverable material and how it would be collected and retrieved. Pfizer's in-house discovery counsel attended the meeting and responded to questions from Plaintiffs. IT personnel attended from Prasco.

A preliminary list of non-custodial sources of potentially discoverable information includes the following. Additional non-custodial sources continue to be identified:

Pfizer Sources:

| Category | Name and Description |
|---|---|
| Collaborative Platforms | SharePoint |
| Email Systems and Custodial Files | Pfizer Microsoft Outlook (Email) |
| Hard Copy Archives | Pfizer Central Index of Company Records – CICR (Records Management) – linked to Pfizer's |

---

[2] The Parties' Proposed Confidentiality Order includes the Federal Rule of Evidence 502(d) clawback provision referenced in CMO 1.

| Category | Name and Description |
|---|---|
| | repository of hard copy documents located in Kalamazoo, MI |
| Labeling | Pfizer Global Document Management System – GDMS (Document Management) |
| Safety | Adverse Event Monitoring – AEM (Safety/AE) |
| Safety | Pfizer Argus (Safety/AE) |
| Safety | Pfizer Analytical and Statistical Tool – PfAST (Safety/AE) |
| Safety | Drop In Data Entry – DIDE (Safety/AE) |
| Regulatory | Document Management and Publishing System – DMPS (Document Management) |
| Regulatory | Pfizer Global Document Management System – GDMS (Document Management) |
| Regulatory | Pfizer Regulatory Affairs Document Archive & Retrieval System – RADARS (Document Management) |
| Clinical | Clinical Aggregation Layer (CAL) |

As explained by Greenstone and Viatris during the Rule 26 conference, these parties are generally not in possession of any responsive or relevant information related to the products at issue.

By way of background, Viatris Inc. was formed in November 2020 as the result of the combination of Mylan N.V. and Upjohn Inc., a subsidiary of Pfizer Inc. (the "Combination"). As part of the Combination, Greenstone LLC transitioned from a subsidiary of Pfizer Inc. to a subsidiary of Viatris Inc.

Prior to the Combination, Greenstone distributed an authorized generic version of depot-medroxyprogesterone that was manufactured by Pfizer, the NDA holder. Before the Combination was finalized, the Federal Trade Commission ("FTC") ordered Pfizer to grant Prasco LLC an exclusive license to distribute authorized generic depot-medroxyprogesterone acetate. The divestiture occurred in September 2020, and Prasco received the license to distribute the authorized generic product when the Combination became effective approximately two months later.

Following the Combination, neither Greenstone nor Viatris has ever marketed, distributed, or sold authorized generic depot-medroxyprogesterone acetate. Moreover, at no time—before or after the Combination—did Greenstone or Viatris ever manufacture or hold an NDA for Depo-Provera.

Importantly for purposes of discovery here, several legacy Pfizer/Greenstone employees transitioned with Greenstone following the Combination. Greenstone and Viatris, however, no longer have access to prior electronic data concerning the product. Likewise, there was no repository of information related to the at-issue product that came with Greenstone when it became a subsidiary of Viatris. Further, because Pfizer divested authorized generic depot-medroxyprogesterone prior to the Combination, there was no reason for Greenstone to attempt to gain access to any legacy data related to the sale of the product. As a result, neither Greenstone nor Viatris are in possession of any responsive or relevant data or information concerning branded Depot-Provera or authorized generic depot-medroxyprogesterone. Instead, all of the relevant

9

information is in the sole possession of Pfizer, which is not affiliated with Viatris or Greenstone.

This was explained in detail to Plaintiffs at the Rule 26 conference.

Similarly, as explained during the conference, Prasco is an authorized generic distributor. Prasco has never manufactured or held an application for branded Depo-Provera or DMPA. As discussed above, Prasco was granted an authorized generic product license by Pfizer to distribute authorized generic DMPA (and nine other authorized generic products) as a result of an FTC order. Prasco did not begin distributing authorized generic DMPA until November 2020. As an authorized generic distributor that does not manufacture DMPA and does not hold any application for Depo-Provera or DMPA, Prasco does not have a repository of relevant scientific or safety information (among other topics) regarding Depo-Provera or DMPA. Nonetheless, Prasco identifies the following non-custodial data sources generally discussed between Prasco's counsel and Plaintiffs' counsel at the Rule 26 conference:

| PRASCO | |
|---|---|
| TOPIC AREA | NON-CUSTODIAL SOURCE |
| Hard Copy | SOPs are kept in hard copy binders on site at Prasco.<br>A labeling folder is kept in hard copy on site at Prasco. |
| Email System | Microsoft Outlook |
| Product complaint/intake reports of potential adverse events | JD Edwards ERP enterprise solution |
| Labeling | Prasco shared drives<br>Hard copy folder |
| SOPs | Prasco shared drives<br>Hard copy binders<br>Qualio |
| Agreements | Prasco shared drives |

## VII.  CUSTODIANS

In response to Plaintiffs' inquiries, Pfizer disclosed the nature of anticipated custodians, and in subsequent meet and confers, Pfizer identified a preliminary list of eleven (11) custodians. In subsequent meet and confers, Prasco identified two custodians. Greenstone and Viatris have not yet identified any custodians.

## VIII. ESI PROTOCOL

In advance of the Rule 26(f) meeting, Plaintiffs proposed an ESI protocol identifying the scope and form of production for each type of ESI, and a method for identifying discoverable ESI through the use of technology assisted review (TAR). Pfizer discussed Pfizer's retention, collection, and process for production using search terms and a validation methodology.  The Parties worked hard to resolve certain disputes regarding both ESI format and search and validation protocols.  The Parties'

agreed upon the proposed order Governing Production of Documents and Electronically Stored Information is attached hereto as **Exhibit F**. The parties have not yet reached agreement on the search methodology validation process. The parties believe that an agreement can be reached, or, alternatively, any remaining disputes crystallized for the Court's consideration, by March 10, 2025. [3]

## IX.    PHASED PRIVILEGE REVIEW

The Parties conferred and cooperated in formulating a phased privilege review schedule that begins early in the discovery process and prioritizes certain categories of documents. The privilege logging process is set forth in the agreed Proposed Confidentiality Order attached as **Exhibit D.**

## X.    DEPOSITION PROTOCOL

The Parties discussed a formal deposition protocol and Plaintiffs proposed a draft protocol during the Rule 26(f) meeting. While Plaintiffs anticipate proceeding with depositions on preliminary and other matters as soon as is reasonably feasible, the timing of Pfizer's document productions will necessitate significant deposition activity during the back end of the preemption discovery period. Accordingly, the Parties agree to dedicate the 30 days prior to the close of preemption discovery to depositions. Plaintiffs and Pfizer agreed to a Proposed Deposition Protocol attached

---

[3] The Parties acknowledge there may be different search and review methodologies and validation processes (i.e., use of TAR versus use of search terms and linear review) that are better suited for each Defendant, and they will continue working on these issues.

as **Exhibit G.** Plaintiffs, Prasco, Greenstone, and Viatris were unable to agree on the presumptive number of deposition days and submit competing proposals on page three of **Exhibit G.**

## XI.    SPECIAL MASTER

The Parties conferred and have no objection to the appointment of the Honorable David Herndon (Ret.) to aid the Court in its management of the MDL.

Plaintiffs also submit a Proposed Order Appointing CPA Randy Sansom, attached hereto as **Exhibit H**.

## XII.   SCIENCE DAY

The Parties conferred at the Rule 26(f) meeting as to the benefit to holding a Science Day and agreed that, given the early general causation discovery track in the MDL, it would not be necessary or efficient to hold a Science Day.

## XIII.  MEDICAL MONITORING CLASS ACTIONS

The parties discussed the pending cases that assert putative medical monitoring classes.[4]  Plaintiffs and Defendants agreed that there is no need for a separate class action track, and that the class certification motion deadline should remain stayed during the pendency of resolution of the potentially dispositive common defenses.

## XIV.  DISMISSAL OF AUTHORIZED GENERIC DISTRIBUTOR DEFENDANTS

---

[4] *Makishia Greeno v. Pfizer Inc., et al.,* Case No. 3:25-cv-00148-MCR-HTC and *Christine Denelsbeck v. Pfizer, Inc.*, Case No. 2:25-cv-00230 (W.D. Pa.) (filed Feb. 18, 2025).

Plaintiffs and Defendants Greenstone and Prasco discussed potential dismissal of these Defendants, given their role as distributors of authorized generic DMPA that do not hold the Depo-Provera NDA, and that they do not manufacture or label the authorized generic DMPA they distribute.  Plaintiffs and Defendants Greenstone and Prasco also discussed dismissal of these Defendants in cases in which the plaintiff's product use of authorized generic DMPA, if any, did not occur during the time period such Defendant distributed authorized generic DMPA.

DATED: March 7, 2025                              Respectfully submitted,

*/s/ Christopher A. Seeger*                        */s/ Joseph G. Petrosinelli*
Christopher A. Seeger,                            Joseph G. Petrosinelli
*Interim Lead and Liaison Counsel*                Jessica Bodger Rydstrom
New Jersey State Bar No. 04231990                 WILLIAMS & CONNOLLY
David R. Buchanan                                 LLP
New Jersey State Bar No. 303522019                680 Maine Ave., SW
Caleb Seeley                                      Washington, DC 20024
New Jersey State Bar No. 303522019                Telephone: (202) 434-5547
Seeger Weiss LLP                                  jpetrosinelli@wc.com
55 Challenger Boulevard
Ridgefield Park, NJ 07660                         Loren H. Brown
Tel.: (973) 639-9100                              Matthew A. Holian
cseeger@seegerweiss.com                           DLA PIPER LLP (US)
                                                  1251 Avenue of the Americas
**Counsel for Plaintiffs Blonski and**            New York, NY 10020-1104
**Toney**                                         Telephone: (212) 335-4500
                                                  loren.brown@us.dlapiper.com

                                                  *Counsel for Defendants*
                                                  *Pfizer Inc., Pharmacia &*
                                                  *Upjohn Co. LLC, and*
                                                  *Pharmacia LLC*

14

Bryan F. Aylstock
Jennifer M. Hoekstra
Savannah T. Green
Aylstock, Kreis & Overholtz, PLLC
17 East Main
Street Suite 200
Pensacola, FL 32502
Tel.: (850) 202-1010
baylstock@awkolaw.com

***Counsel for Plaintiff Toney***

Ellen Relkin (*pro hac vice pending)*
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
erelkin@weitzlux.com
Tel: 212-558-5500
Fax: 212-344-5461

***Counsel for Plaintiff Schmidt***

Tracy A. Finken
**Anapol Weiss**
tfinken@anapolweiss.com
One Logan Square 130 N. 18th Street
Suite 1600
Philadelphia, PA 19103 215-735-1130

***Counsel for Plaintiff Valera-Arceo***

Clem C. Trischler
Jason M. Reefer
Alyssa M. Dedola
Frank H. Stoy
PIETRAGALLO GORDON
ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-1816
cct@pietragallo.com

***Counsel for Defendants
Greenstone LLC and Viatris
Inc.***

Paul J. Cosgrove
Kevin M. Bandy
UB GREENSFELDER LLP
312 Walnut St., Suite 1400
Cincinnati, OH 45202
Telephone: (513) 698-5034
pcosgrove@ubglaw.com
Georgia Hatzis
UB GREENSFELDER LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
Telephone: (216) 583-7474
ghatzis@ubglaw.com

***Counsel for Defendant Prasco LLC
d/b/a Prasco Laboratories***

15

Virginia M. Buchanan
Christopher G. Paulos
Levin, Papantonio, Proctor, Buchanan,
O'Brien, Barr & Mougey, P.A.
vbuchanan@levinlaw.com
cpaulos@levinlaw.com
316 S Baylen St, Ste 600
Pensacola, FL 32502
(850) 435-7000

***Counsel for Plaintiff Wilson***