EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 25-md-3140 |
| This Document Relates to:<br>All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

**PRETRIAL ORDER NO. __
[Proposed] Stipulated Order on Procedures for Direct Filing**

1.      <u>Direct Filing Permitted.</u> To promote judicial efficiency and eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts, any Plaintiff whose case would be subject to transfer to MDL No. 3140 may file his or her case directly in the Northern District of Florida, Pensacola Division. The direct filing of actions in MDL No. 3140 is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407. Each case filed directly into MDL No. 3140 must identify a "Designated Forum," i.e., the federal district in which the Plaintiff would have filed his or her case in the absence of direct filing in the jurisdiction and venue section.[1]

---

[1] Suggested language for "Designated Forum" could include "*Plaintiff would show the Court that venue would be proper in the [Designated Forum] absent direct filing into this MDL.*

1

Counsel admitted *pro hac vice* in any other case before this MDL may initiate a separate action in this MDL without local counsel. An attorney who is not admitted *pro hac vice* in any case will be permitted to commence an action directly in this MDL pursuant to this order, provided that counsel must file his or her *pro hac vice* application within 30 days of the direct filing. Any case filed directly into MDL No. 3140 must comply with the prohibition on multi-plaintiff complaints set forth in Case Management Order No. 1, Dkt. 72.

2.      No *Lexecon* Waiver. For cases filed directly into MDL No. 3140, the parties preserve and do not waive any and all rights under *Lexecon Inc. v. Milberg Weiss,* 523 U.S. 26 (1998), to have each case remanded to the Designated Forum for trial. Nothing in this order shall preclude the parties from agreeing to *Lexecon* waivers in the future.

3.      No Determination Regarding Jurisdiction or Venue. The inclusion of any case in MDL No. 3140, whether such case was or will be filed originally or directly in the Northern District of Florida or transferred or removed to the Northern District of Florida, does not constitute a determination by this Court that jurisdiction or venue is proper in this District or any other Designated Forum. However, for purposes of cases filed pursuant to this Order, Defendants waive any argument that

---

*Plaintiff reserves the right to amend this designation of proper venue and forum, once case specific fact and expert discovery is complete.''*

this Court lacks personal jurisdiction over the Defendants for purposes of coordinated pretrial proceedings but expressly preserve any personal jurisdiction defense that may be raised in an individual case.

4.    <u>Future Remands.</u> Nothing herein shall preclude any party from moving for remand or a suggestion of remand, or otherwise seeking transfer under 28 USC § 1404, at any time as ordered by the Court or as otherwise permitted by law, nor from opposing any remand or suggestion of remand.

5.    <u>Direct Filing Shall Not Impact Choice of Law</u>. The fact that a case was filed directly in MDL No. 3140 pursuant to this Order will have no impact on choice of law, including the statute of limitations and any statute of repose. Choice of law principles will be determined based on the choice-of-law rules that would have applied in the federal district court of the individual plaintiff's designated venue as specified in his or her complaint.

6.    <u>Form, Filing, Service, and Requirements for Direct Filed Complaints; Procedure for Improper for Incomplete Directly Filed Complaints.</u>

A.    Prior to directly filing a case pursuant to this Order, counsel for each Plaintiff is instructed to conduct a PACER and/or MDL-Centrality search to ensure that a previous complaint has not been filed for the same plaintiff. Prior to directly filing a case pursuant to this Order, counsel for each Plaintiff shall also make a reasonable effort to determine if that Plaintiff has filed a case in any state court. If

3

a prior complaint has been filed for the same Plaintiff and that case currently is pending (whether in state court, directly filed into MDL No. 3140, pending transfer from the federal district court where originally filed, or transferred to MDL No. 3140), no subsequent complaint may be filed by a different law firm on behalf of that same Plaintiff. If a subsequent complaint is filed on behalf of any plaintiff already in suit, the Court may pursuant to an Order to Show Cause, dismiss the second filed action. Absent a substitution or withdrawal of counsel, the attorney that filed the original complaint shall presumptively be case counsel for that plaintiff through all stages of the litigation, including trial and resolution, if applicable.

B.      Service of a complaint filed pursuant to this Order shall be made in accordance with Pretrial Order No. ▤.

C.      Any directly filed complaint that does not comply with the foregoing provisions is subject to the presumptive transfer and/or Order to Show Cause Procedures set forth below.

D.      Only a complaint in which a plaintiff alleges she developed intracranial meningioma(s) resulting from her alleged use of Depo-Provera (or depot medroxyprogesterone acetate) may be directly filed in this Court. If a plaintiff directly files into this MDL any complaint that does not allege she developed intracranial meningioma(s) resulting from her alleged use of Depo-Provera (or depot medroxyprogesterone acetate), Defendants may send to the Plaintiff's counsel a

presumptive transfer order, transferring the case to the District in which that Plaintiff resides, and Plaintiff's counsel shall have 14 days to challenge such transfer. If the Plaintiff's counsel and Defendants cannot agree after a meet and confer, the issue may be briefed to the Court. If Plaintiff's counsel fails to timely challenge Defendants' presumptive order, then, at expiration of the 14-day period, Defendants shall submit the presumptive transfer order to the Court for entry.

E.    If a Plaintiff directly files a complaint that does not comply with the provisions of this Order, the complaint is presumptively deficient. Defendants shall list presumptively deficient complaints on a proposed "Order to Show Cause" as to why the complaint(s) should not be dismissed and shall provide that list to the individual plaintiffs' counsel for purposes of a meet and confer to occur within thirty (30) days of service. If no resolution can be reached, Defendants may file a request for an Order to Show Cause as to why the complaint(s) should not be dismissed for the Court's consideration within twenty-one (21) days following the meet and confer. The party in favor of consolidation in the MDL will then have seven (7) days to file a response to any response. Such objections and responses must be filed only in MDL No. 3140. No replies will be allowed without leave of Court. Failure to object as set forth herein shall constitute a waiver of any objection to inclusion of the case in the MDL.  In the event the Court determines that a direct-filed case should not have been filed in this MDL, the plaintiff shall have 10 days from the date of that

determination to refile in another Court. If a complaint is refiled in another Court, such filing shall not revive any statute of limitations, statutes of repose, or any other time bars for any claims that expired prior to the original filing of the complaint in the MDL.

**DONE** and **ORDERED** on this _____ day of _____, 2025.

_____

**M. CASEY RODGERS**

**UNITED STATES DISTRICT JUDGE**