# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 25-md-3140<br><br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

**[PROPOSED] PTO ___**
**THRESHOLD PROOF OF USE AND INJURY REQUIREMENTS**

Plaintiffs and Defendants (collectively "Parties") agree that all Plaintiffs with filed cases must provide (a) initial documentary proof of use of each named Defendant's product, and (b) initial documentary proof of their alleged meningioma injury. The parties have therefore asked the Court to enter this Order governing the process for obtaining and producing such information. The parties have agreed to use the online MDL Centrality System, as designed and provided by BrownGreer PLC, to complete and serve the materials subject to this Order. Accordingly, the Court hereby orders as follows.

This Order shall govern all actions that are properly filed in, removed to, or transferred to this MDL. Other than as set forth in this Order, there shall be no discovery of any Plaintiff until further order of the Court. All Plaintiffs, however,

have an obligation to preserve all relevant evidence in their possession, custody, or control, as required by law.

## I.      Plaintiff Proof of Use/Injury Questionnaire

The term "Plaintiff Proof of Use/Injury Questionnaire" refers to the questions and document production requirements attached hereto as **Exhibit A**.

For all cases filed in or transferred into MDL 3140 on or before the date of this Order, the Plaintiff Proof of Use/Injury Questionnaire is due 120 days from the entry of this Order, by _____, 2025.

For all cases filed in or transferred into MDL 3140 after the date of this Order, the Plaintiff Proof of Use/Injury Questionnaire deadline is 120 days from the date the case was filed in or transferred into MDL 3140.

Each Plaintiff must complete and serve on Defendants through MDL Centrality answers and document(s) responsive to the Plaintiff Proof of Use/Injury Questionnaire by the above deadlines.  For cases currently pending in this MDL where Plaintiffs have requested prescription, medical insurance, and pharmacy records but lack definitive product identification, each Plaintiff, after first consulting with Plaintiffs' leadership, may serve targeted subpoenas on medical providers, health insurance carriers, hospital formularies and/or wholesale drug distributors, seeking identification of the DMPA product administered to them or sold to their medical provider at the applicable time period. The purpose of the consultation is to

ensure that subpoenas have not already been served on such third-party entities in a more global fashion.  Any documents received pursuant to such subpoenas will be served on Defendants through the MDL Centrality platform.

Any Plaintiff's answers to the Plaintiff Proof of Use/Injury Questionnaire will be made under penalty of perjury, will be treated as interrogatory responses pursuant to Federal Rule of Civil Procedure 33, and will be subject to Federal Rules of Civil Procedure 26 and 37.

The Plaintiff Proof of Use/Injury Questionnaire deadlines may only be extended by: (i) the Court on a showing of good cause; or (ii) agreement of the parties with leave of Court.

## II.    Deficiencies

A Plaintiff Proof of Use/Injury Questionnaire is complete where accurate and responsive answers are provided to every question on the form.

Defendants must notify each Plaintiff of any allegedly deficient answers to the Plaintiff Proof of Use/Injury Questionnaire via MDL Centrality within 45 days of being served with the answers through MDL Centrality. Defendants' notification must specify which answers are allegedly deficient, along with the basis for their

position. The deficiency process is not an opportunity to test the veracity of a Plaintiff's answers; it is intended to address omissions and incomplete answers.

Within 21 days of receiving Defendants' deficiency notification, a Plaintiff must respond to the notification by either serving a revised Plaintiff Proof of Use/Injury Questionnaire with non-deficient answers and/or otherwise explaining in writing why he or she disagrees with the deficiencies identified by Defendants.

The parties will have 14 days from the date that a Plaintiff's response to Defendants' notification is served to meet and confer regarding any allegedly uncured deficiencies.

Thereafter, Defendants may request the Court to resolve the outstanding dispute(s) via motion practice. To the extent the Court finds a Plaintiff's answers deficient, that Plaintiff will be granted a 10-day time period within which to cure the deficiency.

If a Plaintiff fails to provide nondeficient answers to the Plaintiff Proof of Use/Injury Questionnaire within the applicable deadlines specified above, such failure will be grounds for the Court to dismiss that Plaintiff's complaint with prejudice, though Plaintiff retains the right to argue that good cause exists for a dismissal without prejudice.

**DONE** and **ORDERED** on this _____ day of _____, 2025.


_____

**M. CASEY RODGERS**

**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

**<u>Plaintiff Proof of Use/Injury Questionnaire</u>**

**1.**     **<u>Case Information</u>**

A.     Plaintiff Full Name (if acting in representative capacity, full name of product user):

First: _____

Middle: _____

Last: _____

B.     Date of Birth (if acting in representative capacity, Date of Birth of product user):

_____

C.     Address:

Street: _____

City: _____     State: _____     Zip: _____

D.     Attorney(s) of record (if applicable):

Counsel Name:

_____

Firm Name:

_____

E.     N.D. Fla. Civil Action Number: _____ -cv- _____

F.     MDL-Centrality Plaintiff ID: _____

2.    **Product Use**

A.    Provide beginning month/year and end month/year for each depot medroxyprogesterone ("DMPA") product used by the product user. If use was not continuous, provide beginning and end date for each period of use.

| Start Date | End Date | Medroxyprogesterone product |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

B.    Does Plaintiff/Injured Party currently have records (*i.e.*, prescription, medical, insurance, or pharmacy records) that demonstrate he or she was administered medroxyprogesterone acetate?

◯ Yes      ◯ No

C.    If no, have the following been requested?

Prescription records ◯ Yes ◯ No  Date of request: _____

Medical records      ◯ Yes ◯ No  Date of request: _____

Insurance records    ◯ Yes ◯ No  Date of request: _____

Pharmacy records     ◯ Yes ◯ No  Date of request: _____

**3.**     **Injury**

A.     Has Plaintiff/Injured Party been diagnosed with meningioma?

⃝ Yes    ⃝ No

B.     Date of meningioma diagnosis (if diagnosed more than once, indicate each date):

Diagnosis 1: _____

Diagnosis 2: _____

Diagnosis 3: _____

Diagnosis 4: _____

Diagnosis 5: _____

**4.**     **Document Production Requirement**

Upload and produce via MDL-Centrality the following:

A.     Documents sufficient to show Plaintiff was administered DMPA.

B.     Documents sufficient to show Plaintiff has been diagnosed with meningioma consistent with your response to question 3.B.