# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 25-md-3140 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**PRETRIAL ORDER NO. __**
**[PROPOSED] DEPOSITON PROTOCOL**

1.  <u>Order Applicable to All Cases in MDL Proceedings</u>. This Order applies to all cases currently pending in MDL No. 3140 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto (collectively, "the MDL Proceedings"). This Order is binding on all Parties and their counsel in all cases currently pending or subsequently made part of these Proceedings and will govern each case in these MDL Proceedings.

2.  <u>Scope</u>. This Order applies to: (i) all fact depositions of witnesses who are currently or were formerly employees of MDL Defendants relating to Defendants' preemption and general causation defenses ("Phase One Discovery"); and (ii) all third-party witnesses relating to Phase One Discovery. For the avoidance of doubt, this Order does not apply to: (i) fact depositions of any MDL Plaintiff, his

2

or her representatives, family members, personal acquaintances, healthcare providers, and all other case-specific fact witnesses; (ii) general corporate (or case-specific) discovery of Defendants on topics outside of Phase One Discovery and (iii) expert depositions.

3.    Terms. For the purpose of this Order, the terms "MDL Plaintiffs" and "MDL Defendants" refer, respectively, to all Plaintiffs and all Defendants in these MDL Proceedings (each a "Party" and collectively, the "Parties"). The terms "Plaintiffs" or "Plaintiffs' Counsel" refers to Plaintiffs' Leadership appointed by the Court, or the designees of the foregoing. The term "Involved Counsel" refers to those attorneys participating in a particular deposition, which may include Plaintiffs' Lead Counsel or their designees or Defendants' Counsel or their designees.

4.    Cooperation. The Parties and their counsel acknowledge their duty to work together cooperatively in both scheduling and conducting depositions and agree to meet and confer and to strive to reach agreement between and among all involved Parties where possible.

5.    Number of Depositions; Deposition Days for Depositions of Current and Former MDL Defendant Employees. Given the nature of the product at issue in the litigation, including its multiple-decade development history, more than thirty years on the market, and the complex history of corporate acquisitions and divestitures, the Parties agree that Plaintiffs may presumptively take 35 deposition

days of (i) fact witnesses currently or formerly employed by Pfizer, and (ii) witnesses designated by Pfizer pursuant to Federal Rule of Civil Procedure 30(b)(6). Any request by the Plaintiffs for additional depositions days beyond the presumptive 35 days will be granted so long as the request is reasonable and appropriate in light of the discovery taken to that point. **[*Plaintiffs' proposal:* Plaintiffs may presumptively take twenty (20) deposition days for the same category of witnesses for each of Prasco, Greenstone and Viatris. *Greenstone, Viatris, and Prasco's proposal:* Plaintiffs may presumptively take ten (10) deposition days for the same category of witnesses for Viatris, Greenstone, and Prasco combined—the ten total days may be allocated in whatever manner Plaintiffs choose.]** The Parties agree to meet and confer regarding deposition limits for general corporate discovery after the resolution of the preemption and general causation defenses.

6.      With respect to depositions of Defendants' current or former employees, MDL Plaintiffs will be permitted 7 hours of examination time per deposition day. Following re-direct of the witness, any re-cross by MDL Plaintiffs may not exceed the amount of time taken for re-direct.  Each deposition will count as at least one full deposition day, even if the time on the record during a particular deposition is less than 7 hours. For the avoidance of doubt, additional examination conducted subsequent to, and within the scope of, any examinations conducted by

counsel for the witness or counsel for other parties, shall not be counted as an additional day under the limits set forth in this Order

7.    <u>Nonparty or third-party witnesses</u>. The duration of a deposition of a nonparty or third-party witness shall be seven (7) hours of examination on the record, unless otherwise agreed or ordered by the Court. If there are multiple noticing parties, the Parties agree to confer regarding the duration and sequence of examination as set forth elsewhere in this Order.

8.    <u>Notice of Anticipated Multiple-Day Examinations</u>. The deposition of a witness will be presumed to be one day.  Should Plaintiffs' Lead Counsel anticipate the deposition of a witness will require more than a single day, Plaintiffs' Lead Counsel must provide notice to Defendants at least 14 days prior to a deposition. The parties will then meet and confer, and, in the event they are unable to reach agreement, promptly raise the issue with the Court.  Absent such notice, Plaintiffs' Lead Counsel or their designees will have no more than one (1) day deposition examination time. Absent agreement of the Parties or order of this Court on a showing of good cause: (i) no deposition may occur over more than two deposition days; and (ii) any deposition scheduled for more than one day must occur on consecutive calendar days.

9.    <u>Fact Witnesses Defendants Designated as Corporate Representatives</u>. The Parties may agree to consecutive depositions of an individual who is both a fact

witness and a 30(b)(6) corporate representative witness (as properly noticed by Defendants pursuant to Fed. R. Civ. P. 30(b)(6)). One deposition will be taken in his or her individual capacity (as a fact witness) and a separate deposition will be taken in his or her capacity as a corporate representative, with each deposition counting as one day.

10.    Time Limit. The time limits for a deposition set forth above will be based on the actual time spent examining the witness. Time spent on attorney colloquy and breaks (including for lunch) will not be counted toward the time limit.

11.    Cross-Noticing of Common Witnesses. Any Party can cross-notice a deposition in any related state-court litigation.  The Parties must use their best efforts to coordinate, to the extent practicable, the scheduling and taking of depositions with state-court plaintiffs, including working on agreements for the cross-noticing of depositions, in order to minimize the number of times that a common witness must appear for a deposition, eliminate duplicative discovery, conserve judicial resources, and promote the just and efficient conduct of this litigation. In a coordinated deposition, the Court expects MDL counsel and state-court counsel to cooperate in selecting a primary examiner. When the primary examiner has concluded his or her examination, other appropriate counsel may ask non-duplicative additional questions prior to the completion of the deposition. To the extent there is a need for Court input on the allocation of time between MDL counsel and state-court counsel

during a particular deposition, Plaintiffs' Lead Counsel must notify the Court in advance. The time that state-court counsel spends examining a common witness will not be counted against the examination time allotted to MDL counsel. With that said, the Court will not permit redundant or excessive questioning of a witness.

12.     Parties to Meet and Confer on Scheduling. Plaintiffs' Counsel and Defendants' Counsel must work cooperatively to ensure a fair and orderly process for the scheduling of depositions. Absent extraordinary circumstances, Involved Counsel must consult in advance with proposed deponents or their counsel in an effort to schedule depositions at mutually convenient times, and counsel for the deponent must provide Involved Counsel multiple available deposition dates to aid the Parties' efforts at cooperative scheduling. Plaintiffs' Lead Counsel, Defendants' Counsel, and counsel for the deponent, if applicable, must cooperate on selecting a mutually convenient date for each deposition.

13.     Ineligible Deposition Dates. Unless otherwise agreed by the Parties or ordered by the MDL Court, depositions may not be taken on Saturdays, Sundays, or federal court holidays.

14.     Start Time. In the absence of agreement to the contrary, depositions will commence at 9:00 a.m. in the time zone in which the deposition is taking place.

15.     Notice Form/Content/Timing. Each deposition notice in the MDL Proceeding must comply with Fed. R. Civ. P. 30(b). The deposition notice must

include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time, and location of the deposition. The notice must clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means. Any notice for the deposition of a corporate or organizational representative under Fed. R. Civ. P. 30(b)(6) must describe with reasonable particularity the matters for examination, and the parties must confer in good faith about the matters for examination before or promptly after the notice or subpoena is served. The questioning during the representative deposition must be limited to the matters referenced in the notice. Absent agreement of the parties, good cause, or an order of the MDL Court, any deposition notice must be served at least fourteen (14) days before the date the noticed deposition is to occur.

16. <u>Authority to Serve & Receive</u>. Notices for depositions in the MDL Proceeding must be served by email, mail, courier service, or other electronic means on Plaintiffs' Lead Counsel and Defendants' Counsel.

17. This Order, in its entirety, must be attached to any subpoena or notice that relates to the deposition of a third-party witness.

18. <u>Postponements</u>. Once a deposition has been mutually scheduled by the Parties, it may not be taken off the calendar, rescheduled, or relocated fewer than one week in advance of the date it is scheduled to occur, other than to withdraw the

notice, except upon agreement in writing among the examiner designated by the noticing party and Lead Counsel for the opposing party, or by leave of Court for good cause shown.

19.    Conduct of the Deposition

a. Who May Attend. Unless otherwise agreed to by the Parties, depositions may be attended only by the Parties, the Parties' counsel, the deponent, the deponent's attorney, in-house counsel for the Parties, court reporters, videographers, and lawyers, assistants invited by examining counsel to assist, and any person who is assisting in the litigation and whose presence is reasonably required by the aforementioned counsel of record. For the avoidance of doubt, retained experts may not attend unless agreed to by the Parties. Unnecessary attendance in person or by telephone by non-examining counsel is discouraged and may not be compensated in any common benefit fee application to the Court without good cause shown or if the attendance was approved by Plaintiffs' Lead Counsel.

b. Notice of Attendees at a Deposition. For there to be adequate deposition space and to notify building security, counsel intending to attend a deposition noticed in the MDL should advise all Parties, including counsel for the noticing party, of their intention to attend in person at least two (2) business days prior to the deposition.

c. <u>Number of Examiners</u>. Based on the number of Plaintiffs and Plaintiffs' counsel involved in this litigation, Plaintiffs' Lead Counsel may designate up to two (2) attorneys to serve as the primary and secondary examiner of each deponent on behalf of the MDL Plaintiffs. Each MDL Defendant may designate one attorney for the MDL Defendants to conduct the examination of each deponent, but only in the event that there are issues unique to more than one Defendant. Notwithstanding the number of examiners, the time limits set forth above will still apply. Counsel should cooperate so examinations by multiple attorneys do not result in duplicative questioning or a deposition exceeding the allotted time.

d. <u>Sequence of Examination for Depositions of Defendants' Representatives/Employees; Allocation of Time for Defendants.</u> In the absence of an alternative agreement by Plaintiffs' Lead Counsel and Defendants' Counsel, questioning at the deposition of Defendants' representatives and/or current or former employees will be conducted in the following sequence: (i) Plaintiffs' Counsel, followed by examination by any non-MDL plaintiffs participating in the deposition; (ii) Defendants' Counsel, followed by counsel for the witness (if not also Defendants' Counsel); (iii) re-cross/re-direct by Plaintiffs' Counsel and any non-MDL plaintiffs participating in the deposition; (iv) re-direct by Defendants'

10

Counsel. Any re-cross/re-direct must be responsive to the examination conducted by Defendants' Counsel and counsel for the witness and may not exceed the time taken by the examination by Defendants' Counsel and counsel for the witness.

e. Cross-Notice Required. If Defendants intend to conduct a direct examination of a witness noticed by Plaintiffs, then that examination must be cross-noticed in advance of the deposition. Defendants' failure to properly cross-notice will constitute a waiver of their right to conduct a direct examination during the respective deposition. Any properly cross-noticed direct examination by Defendants must be limited to three (3) hours, with an additional 30 minutes for redirect/re-cross. If Defendants anticipate needing more than three (3) hours for the direct examination of a particular witness, they may request leave of Court for additional time, at or before the time they cross-notice the deposition. Before questioning the witness, Defendants' Counsel must state on the record that he or she is conducting a direct examination. If the properly cross-noticed direct examination extends into a second deposition day, for the sole purpose of Defendants' direct examination, that second day will not be counted against the deposition days allotted to Plaintiffs.

11

f. <u>Sequence of Examination/Allocation of Exam Time for Third-Party Witnesses.</u> If the Parties cannot reach agreement regarding the sequence of examination, they must submit their dispute to the Court, which will determine the sequence of examination without regard to which party issued the deposition or subpoena notice first. In conferring regarding the allocation of time between the Parties with regard to such witnesses, the parties must be reasonably guided by the principle that the examination time per deposition day must be allocated evenly. If the Parties cannot agree on the allocation of deposition time, they must submit the dispute to the Court, which will determine the allocation of deposition time without regard to the Parties' presumptive equal allocation of time. Nothing in this Order is intended to limit the ability of the Parties, for good cause shown, to seek more time for certain key witnesses.

g. The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically unable, the deponent must be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is required. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera

angle, lens setting, and field of view will be changed only as might be necessary in order to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness must appear in ordinary business attire. Eating and smoking by deponents during the deposition will not be permitted.

20.    Recording of Depositions. A certified court reporter must stenographically record all deposition proceedings and testimony and provide a "real time" transcription feed to devices such as video monitors and computers. The court reporter must administer the oath or affirmation to the deponent. The written transcript prepared by the court reporter will constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30's requirements concerning filing, retention, certification, and the like.

21.    Audioconferencing Capabilities. The certified court report must arrange for an audio conference line for counsel participating remotely. Any counsel or other authorized attendee who "attends" the deposition remotely must be identified on the record. During breaks and off the record discussions, the audio conference must be muted.

22.    Right to Videotape Depositions. Any party has the right to request that the deposition of any party or witness be recorded on videotape and such written request must be provided with the deposition notice. Where the party wishing to videotape did not notice the deposition, a request for video tape recording must be submitted in writing to Lead Counsel for the Plaintiffs' Lead Counsel and Defendants' Counsel no later than ten (10) days before the date on which the deposition is scheduled to occur. The party wishing to videotape the deposition, if not originally noticed as such, is responsible for arranging and paying for the videotape. All videotaped depositions must be accompanied by a simultaneous audio tape and stenographic transcript. The stenographically prepared transcript will constitute the official record of the deposition.

23.    Remote Depositions. Upon agreement of the Parties and counsel for the witness, a deposition may be held remotely using a secure Zoom connection or a similar audio/video conferencing technology platform. In the event that a deposition proceeds remotely ("Videoconference Deposition"), the following shall also apply:

a. If the witnesses' counsel or any Parties' counsel is physically located in the room or facility where the witness is located, then the noticing counsel has the right to be physically located in the room or facility where the witness is located.

b. Any Videoconference Deposition taken pursuant to this Court's Orders must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (a) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. A Videoconference Deposition taken pursuant to this Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. To the extent permitted by the law of the state in which the witness is located, the witness may be sworn in remotely with the same effect as an oath administered in person.

c. The deposition notice for any Videoconference Deposition pursuant to Fed. R. Civ. P. 30 must list the location(s) (city and state) from where the witness will attend, information the witnesses' counsel must provide upon request of the noticing party.

d. All deposition notices must identify the company that will host and record the remote deposition (the "Remote Deposition Vendor") and contain a general description of how those attending may access the remote

connection being utilized (e.g., GoToMeeting, Zoom, WebEx). The party noticing the deposition must provide the witness and all other attendees with detailed instructions regarding how to participate in the Videoconference Deposition at least three business days before the deposition.

e. To host a remote deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (e.g., video and audio feeds, exhibits). These security measures include using tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition. At least 24 hours before the Videoconference Deposition is scheduled to start, counsel, the witness, and the Remote Deposition Vendor must conduct a test of the system, equipment, and internet connection that will be used to conduct the remote deposition (the "Remote Deposition Technology"). If a witness noticed for a Videoconference Deposition does not have a webcam equipped tablet, desktop or laptop computer that can be used during the deposition, counsel who noticed the deposition must provide the deponent with an agreed-upon tablet containing the audio, webcam, and Wi-Fi connectivity needed to participate in the deposition.

16

f.  The party noticing the deposition shall arrange for technical support for the duration of the deposition to be available to any participant in the event of technological issues.

g.  At the time of the deposition, the witness must advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. To avoid any potential disruptions of a Videoconference Deposition, those attending must enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications. The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other attendees should mute microphones when not speaking. The Remote Deposition Technology must be able to show in real-time a list of all persons attending the Videoconference Deposition. The attorneys participating in the examination may be visible to all other participants during the deposition.

h. Counsel and/or the interpreter shall be on camera and ensure no audio disruption if there are multiple remote attendees in a single location.

i. During live testimony on the record, no one, including attorneys, shall communicate in any manner with the deponent in any way that cannot be heard or seen by all Participants to the deposition. This includes silent signals and private messages of any kind, including, but not limited to, instant messages or text messages conveyed through phones, smart watches, or similar devices. Such prohibition shall not affect the right of the deponent and her/his lawyer(s) to communicate in private off the record to the extent otherwise permitted under Federal Rule of Civil Procedure 30(c)(1).

j. During the deposition, full and complete copies of deposition exhibits must be provided to the witness and counsel who are attending the deposition. Deposition exhibits must be made available via the Remote Deposition Technology, file sharing software, or other electronic means. A witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit. Upon request, deposition exhibits must be made available in physical (hardcopy) form. The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis, by itself, to object to the admissibility of that exhibit at

trial. During the deposition, the Remote Deposition Technology must allow: (1) the witness to privately access any part of the exhibit and to control his or her movement through the document; (2) counsel to display and annotate exhibits for the witness; (3) add and remove exhibits; and (4) change the order in which the exhibits are presented to the witness.

k. Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connection, will not result in waiver of objections by any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should: (1) extend the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the remote deposition for a later date, if the additional time required is an hour or more.

**DONE** and **ORDERED** on this _____ day of _____, 2025.

_____

M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

19