# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

## <u>COMMON BENEFIT ORDER NO. 1</u>

In anticipation of the potential for future applications to be submitted to the Court by Plaintiffs' attorneys for payment of common benefit fees and/or expenses, the Court now issues this Order establishing common benefit preliminary procedures and guidelines. The Court expresses *no opinion* regarding whether payment of any common benefit fees or expenses will ever be appropriate. This Order merely provides guidance so that, should the issue become ripe, any attorneys applying for common benefit fees and/or expenses will have notice of the standards that will be employed in assessing those applications. These guidelines are not meant to be exhaustive, and the Court may issue additional procedures, limitations, and guidelines in the future, where appropriate.

## I.     Governing Principles and the Common Benefit Doctrine

The governing principles underlying the common benefit doctrine, first recognized by the United States Supreme Court as early as 1881, *see Trustees v.*

*Greenough*, 105 U.S. 527 (1881), were founded in equitable doctrines of unjust enrichment and quantum meruit.  *See Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991).  Over the intervening 144 years, the doctrine has been refined through cases such as *Central Railroad & Banking Co. of Georgia v. Pettus*, 113 U.S. 116 (1885); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); and *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980).  It is now well-established that "to avoid the problem of free-riding" and unjust enrichment, the common benefit doctrine "provides that when the efforts of a litigant or attorney create, preserve, protect, increase, or discover a common fund, all who benefit from that fund must contribute proportionately to the costs of the litigation."  *Turner v. Murphy Oil USA, Inc.*, 422 F. Supp. 2d 676, 680 (E.D. La. 2006) (citing *Boeing*, 444 U.S. at 478–79; *Pettus*, 113 U.S. at 123; *Greenough*, 105 U.S. at 532–33).

In addition to this equitable power, the Court's authority to direct the establishment of a fund and to order contributions stems from its inherent managerial power over this consolidated and multidistrict litigation.  *See In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1008, 1012–21 (5th Cir. 1977)[1] ("Managerial power is not merely desirable.  It is a critical necessity."); *see also In*

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting the case law of the former Fifth Circuit before October 1, 1981, as precedent in this Circuit).

*re Diet Drugs*, 582 F.3d 524, 546–47 (3d Cir. 2009) (citing *In re Air Crash Disaster at Fla. Everglades*); *In re Vioxx*, 802 F. Supp. 2d 740, 770 (E.D. La. 2011) (concluding based on *In re Air Crash Disaster at Fla. Everglades* that assessing common benefit fees is in the court's "inherent managerial authority, particularly in light of the complex nature of this MDL"). The nature and history of this doctrine as well as its practical applications are further discussed in the Manual for Complex Litigation §§ 14.121, 14.215 (4th ed. 2024–25) (also noting that "Lead and liaison counsel may have been appointed by the court to perform functions necessary for the management of the case but not appropriately charged to their clients").

Common benefit work product includes all work performed for the benefit of all plaintiffs, including pre-trial matters, discovery, trial preparation, potential settlement process, and all other work that advances this litigation to conclusion. The Court notes at the outset that evaluating contribution to the common benefit is a qualitative analysis because "not all types of work are created equal." *In re Vioxx*, 802 F. Supp. 2d at 772 (quoting *Turner v. Murphy Oil USA, Inc.*, 582 F. Supp. 2d 797, 810–811 (E.D. La. 2008)). Some work, though less time consuming in hours spent, has a greater impact on the litigation. For example, hours spent drafting critical briefs or preparing for and taking depositions of key witnesses generally provide greater common benefit than hours reviewing and coding documents. As previously noted, the Court expresses no opinion at this time whether payment for

common benefit fees and expenses is or will be appropriate but, if at some future point the Court does find such an award appropriate, the Court will assess the value of the work performed and how it contributed to the common benefit, rather than perform a strict calculation of hours multiplied by some hourly rate. Specifically, the Court will be guided by the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as directed by the Eleventh Circuit in *Camden I*, 946 F.2d 768.

## II.     Scope of Order

This Order applies to all cases now pending, as well as to any cases later filed in, transferred to, or removed to this Court and included as part of MDL No. 3140. This Order also applies to all Participating Counsel, defined as (1) all attorneys who voluntarily sign the Participation Agreement; (2) all attorneys with a fee interest in any cases pending, later filed in, transferred to, or removed to this Court as part of MDL No. 3140, regardless of whether or not the attorney signs the Participation Agreement,[2] and regardless of whether or not the attorney also has cases outside the MDL (filed or unfiled) ("MDL Plaintiffs' Counsel"); and (3) any attorneys who were not otherwise Participating Counsel but who obtain access to or receive the common benefit work product of MDL No. 3140. Executed Participation Agreements must

---

[2] The Participation Agreement is a private and cooperative agreement between Plaintiffs' attorneys only. It is not an agreement with Defendants.

be provided to and maintained by the Common Benefit Special Master.

Participating Counsel are entitled to receive the MDL common benefit work product as well any state court work product of those attorneys who are Participating Counsel as defined above.    Participating Counsel will be entitled to seek compensation for common benefit work and expenses.    As a general matter, Participating Counsel are prohibited from sharing any such work product with counsel who are not Participating Counsel;  however, Plaintiffs' leadership may share common benefit work product with Non-Participating Counsel with the Court's approval.[3] Non-Participating Counsel who have not been given written authorization to access or receive the common benefit work product of the MDL are hereby prohibited from accessing or reviewing this work product.  Any violation of this prohibition will result in sanctions. Participating Counsel and Non-Participating Counsel who access or receive the common benefit work product of the MDL pursuant to a written agreement with leadership counsel agree that, if at some future point the Court enters an Order establishing a common benefit assessment, that assessment must be paid on all filed and unfiled cases or claims in state or federal court in which they share a fee interest.  All MDL Counsel are bound by the terms, conditions, and obligations of this Order, as well as any other potential future Common Benefit Orders of this Court in MDL No. 3140.

---

[3] Any such agreement must be in writing and approved by the Court.

## III.    Common Benefit Litigation Fund

A.    <u>Assessments</u>

From time to time, as necessary to fund common benefit activity in the litigation, Lead Counsel,[4] in consultation with the Common Benefit Special Master, and Common Benefit Committee, must make assessments and may receive and hold funds.   Once the Common Benefit Special Master and Common Benefit Committee provide notice of an assessment, the assessed leadership firms will have thirty (30) days to deposit their respective assessments into the Litigation  Fund.[5]   If,  after thirty (30) days, a firm has not deposited its assessment, then Participating Counsel from that firm will be ineligible for common benefit work while the firm is delinquent in its assessment and any common benefit work performed while the firm is in arrears will not be eligible for compensation.  Failure to deposit assessments on a timely basis will also be a consideration during the Court's annual leadership reappointment process.  If a firm fails to deposit its assessment within sixty (60) days of receiving notice of an assessment, and the firm does not demonstrate to the satisfaction of the Common Benefit Special Master and the Common Benefit

---

[4] For purposes of this Order, Lead Counsel includes any attorney(s) appointed as Co-Lead Counsel in the future.

[5] The Court expects all assessed law firms to contribute their assessments on a timely basis. That said, the Court recognizes that exceptional circumstances may occasionally arise, in which case the Common Benefit Special Master and Common Benefit Committee are authorized to determine the best course of action.

Committee good cause for such delinquency, Participating Counsel from that firm may be rendered ineligible for any compensation for common benefit work or expenses.

The assessed funds must be held in an interest-bearing account at a federally insured banking institution as designated and approved by the Common Benefit Special Master, the Chair of the Common Benefit Committee, and Lead Counsel. The account(s), to be known as the Litigation Fund, will be maintained by the Common Benefit Special Master with primary oversight by the Common Benefit Committee Chair and the Court. Any funds to be paid out of such account(s) may be paid only at the direction of the Common Benefit Special Master and the Common Benefit Committee Chair. To the extent not already completed, the Common Benefit Special Master must apply for and receive a Federal Tax ID number for the Litigation Fund.

B.    Litigation Fund Payments

The purpose of the Litigation Fund is to pay the costs necessary to fund the litigation as a whole ("Shared Costs"). Shared Costs include, but are not limited to:

1. Deposition and court reporter costs;

2. Expert witness and consultant fees and expenses;

3. Fees and costs for court-appointed Special Masters;

4.  Fees and costs for retained vendors performing work on behalf of all plaintiffs, including but not limited to an MDL claims data platform, and ESI document depository and review platform; and

5.  Translation services (if any).

In the event there is a dispute regarding whether a cost is appropriately a Shared Cost to be paid from the Litigation Fund, the Common Benefit Special Master and, in consultation with the Common Benefit Committee, will make the final determination to pay or reject the expense.

All proposed contracts with vendors and experts must be reviewed and approved by the Common Benefit Special Master and Common Benefit Committee in order for that vendor to be eligible for payment from the Litigation Fund. To be eligible for payment from the Litigation Fund, all invoices for professional services, such as experts or other consultants, must comply with the following guidelines:

1.  Invoices should reflect time worked in one-tenth (.10) hour increments;

2.  Invoices should contain a sufficient description to allow a reviewer to understand specifically what work was completed; and

3.  Invoices must be accompanied by a statement from the submitting attorney that the attorney has reviewed the invoice and that the invoice (a) adequately describes and reflects the work performed, and (b) is reasonable for the work performed.

Failure to follow these procedures will result in the non-payment of such invoices. Requests for payment or reimbursement of Shared Costs from the Litigation Fund must be submitted by the 20th of the month using the centralized

system selected by the Common Benefit Special Master, Common Benefit Committee Chair, and Lead Counsel, with the Court's approval. Any request for payment or reimbursement of Shared Costs from the Litigation Fund must be accompanied by a certification attesting that the subject expense was for the common benefit and was approved by Lead Counsel. The Common Benefit Special Master, in consultation with the Common Benefit Committee, will determine whether such invoices are appropriately Shared Costs to be paid from the Litigation Fund. If the invoice is deemed to be an appropriate Shared Cost and meets the requirements set forth in this section, the Common Benefit Special Master will make payment on or before the last day of the following month.

C.    Litigation Budgets

On a quarterly basis, at least two weeks prior to the start of a quarter, Lead Counsel and the Executive Committee must submit a budget to the Common Benefit Special Master, and Common Benefit Committee. The quarterly budget must set forth reasonable estimates of anticipated costs and the anticipated timing of such costs expected to be paid from the Litigation Fund each quarter. Such quarterly budgets will be used by the Common Benefit Special Master and the Common Benefit Committee for the purpose of the orderly management of the Litigation Fund. The Common Benefit Special Master, in consultation with the Common Benefit Committee, is further authorized and encouraged to request any other

information or reports deemed necessary to manage the Litigation Fund and to ensure that expenses submitted for payment from the Litigation Fund are necessary and appropriate for the common benefit.

## IV.    General Rules

For counsel appointed by the Court or acting under the direction of the Lead Counsel, the recovery of common benefit time and cost reimbursement is essential and will be allowed.

### A.    Participating Counsel

Participating Counsel are counsel who subsequently desire to be considered for common benefit compensation and as a condition thereof agree to the terms and conditions herein and acknowledge that the Court will have final, non-appealable authority regarding the award of fees, the allocation of those fees, and awards for cost reimbursements in this matter.  Participating Counsel have (or will have) agreed to and therefore will be bound by the Court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and Participating Counsel knowingly and expressly waive any right to appeal those decisions or the ability to assert the lack of enforceability of this Order or to otherwise challenge its adequacy.

### B.    Eligibility for Common Benefit Fees and/or Costs

Only Participating Counsel can perform common benefit work or incur

expenses for the common benefit, receive or have access to common benefit work product, and seek common benefit fees and reimbursement of common benefit expenses.  Other than as said herein, only Participating Counsel will be entitled to receive any common benefit work product or make a claim (or recover) for any common benefit fees and expense reimbursements.

This Order establishes the guidelines regarding the submission and compensability of common benefit time and expenses.   Participating Counsel will only be eligible to receive common benefit attorney's fees and cost reimbursement if the time expended, costs incurred, and activity in question were (a) for the common benefit, (b) appropriately authorized (as defined in this section), and (c) timely and properly submitted.   Compliance with these guidelines is required for common benefit time and costs to be eligible for compensation but it does not create a presumption that such time and expenses will be compensated or reimbursed.  The final determination of any allocation of common benefit fees and expenses, if any, will be made by the Court.

The Common Benefit Special Master, together with the Common Benefit Committee Chair and Lead Counsel, will ensure proper compliance by all Participating Counsel (and authorized Non-Participating Counsel) with this Order.

C.    Authorization for Common Benefit Work

Only previously authorized common benefit work is eligible for consideration

for compensation. Authorized common benefit work is an assignment made or authorized by Lead Counsel, subject to the provisions of this Order. Authorization for common benefit work must be given prior to the commencement of the work and must be in writing (e.g., by email). Blanket authorizations (e.g., "general discovery," "expert work," or "depositions") or authorizations unlimited in time will not be accepted. Time spent developing or processing individual issues in any case for an individual client will be not considered for common benefit and it should not be submitted. Time spent on unauthorized work should not be submitted and will not be compensable.[6]

D.     <u>Time and Expense Record Submission</u>

Each lawyer or staff member working on common benefit activities must submit a separate report of his/her time and expense records every month. Report periods close on the last day of each month, and records for time worked or expenses incurred during that period must be submitted by the 20th day of the following month, regardless of if that day falls on a holiday or weekend. For example, all time and expense entries for common benefit activities performed in May would be due June 20th. The first reporting period will begin on the date of the order appointing Plaintiffs' leadership and will run through May 31, 2025.[7] Time and expense

---

[6] All general common work done in connection with the five Pilot cases is an exception.

[7] The Court appointed Christopher Seeger as Interim Lead Counsel on February 28, 2025. The Court recognizes that Mr. Seeger has performed (and will perform) a significant amount of

submissions for that period will be due by June 20th and proceeding thereafter on a monthly basis.

Common benefit time and expense entries must be submitted directly into a centralized system selected by the Common Benefit Special Master and Common Benefit Committee Chair.   No other form of submission for time and expenses will be accepted.   All time and expense entries must be accompanied by a certification that the time and/or expenses are true, accurate, approved by Lead Counsel (if required), and compliant with this Court's Orders.   The failure to secure authority to incur common benefit time and expenses, to maintain and timely provide such records, or to provide a sufficient description of the activity will be grounds for denying the recovery of attorney's fees or reimbursement of expenses.   Failure to provide time and expense records as set forth herein will result in a waiver of the same unless, due to extenuating circumstances, a specific extension is granted in writing prior to the due date by the Common Benefit Special Master.

    E.    <u>Time and Expense Review and Reporting</u>

The forms and records detailing both time and expenses will be subject to

---

work in the time between his appointment as Interim Lead Counsel and the appointment of Plaintiffs' leadership.   As such, work performed by Mr. Seeger, and by other attorneys working on behalf of the common benefit at his direction, from the period of February 28, 2025 through the date of the Order appointing Plaintiffs' leadership, may be submitted for common benefit consideration.   This includes time spent preparing for and attending the Second Case Management Conference and the Parties' Rule 26 meeting.   It does not include time spent preparing leadership applications and making leadership presentations.

periodic review by the Common Benefit Special Master, whose appointment includes the performance of such services as set forth in this Order. The Common Benefit Special Master will work with the Common Benefit Committee to ensure the accuracy of time and expense submissions, as well as their compliance with the Court's Orders.  The purpose of the Common Benefit Special Master's substantive review is to have time and expenses reviewed and accepted or rejected as eligible for common benefit compensation as the litigation progresses and not wait for a substantive review until nearly the end of the litigation.  It is the Court's intent to avoid as much as possible any disputes over the classification of time and expenses as common benefit and the value of same.

The Court directs the Common Benefit Special Master, in consultation with the Common Benefit Committee, to provide the Court with quarterly reports regarding the administration of the Litigation Fund, time submitted for work performed for the common benefit, as well as any other issues related to common benefit administration.   Quarterly reports may be provided in-person, via email, or telephonically.    Written reports must be provided to the Court on request.  The Common Benefit Special Master and Common Benefit Committee must also provide periodic reporting (at least quarterly) to Lead Counsel and the Executive Committee.

## V.    Common Benefit Time and Expense Entry Requirements and Limitations

### A.    Requirements and Limitations for Held Costs

Held Costs are costs incurred in connection with authorized common benefit work but that will be carried by each law firm through the pendency of the litigation. Only reasonable expenses, consistent with the limitations discussed herein and incurred in connection with authorized common benefit work, will be eligible for reimbursement. Compliance with the below guidelines merely renders Held Costs eligible for potential future reimbursement. In no event will Held Costs be reimbursed without a Court Order. All expense submissions for Held Costs must include (a) the date the expense was incurred, (b) the category of the expense, (c) the amount of the expense, (d) the person who incurred the expense, (e) a short but specific description of the expense, and (f) a receipt verifying the amount of the expense. Attorneys must keep receipts for all expenses. If a receipt is not available, copies of cancelled checks or credit card statements reflecting the date of the expense, nature of the expense, and amount of expense may be submitted.[8] If neither a receipt nor credit card statement is available, counsel must submit a declaration outlining the details of the expense.

---

[8] Credit card statements being submitted for airfare must show all the components of the expense outlined in "Airfare" (below) including the class of fare purchased.

1.    *Travel Limitations*

Except in extraordinary circumstances approved by the Court with the Common Benefit Special Master's and the Common Benefit Committee Chair's input, all travel reimbursements are subject to the following limitations:

    a.  <u>Airfare.</u>    Reasonable and appropriate airfare will be reimbursed and is subject to audit and review.   Airfare deemed excessive or which is not related to an assigned task or judicial requirement will not be reimbursed.  Only the lowest-price available coach airfare at time of booking for a reasonable itinerary will be eligible for reimbursement. Notwithstanding the foregoing, first-class airfare is allowed for cross-country flights that exceed four hours total flight time or for international flights.   Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination.   If first-class is flown but not authorized, only coach fare is reimbursable, and proof of applicable coach fare must be provided.   The use of private aircraft will not be reimbursable except for (a) the specific attorney(s) authorized by Lead Counsel to attend the event necessitating such travel, and (b) at the cost of the lowest-price available coach airfare for that itinerary.

    b.  <u>Hotel.</u>    Reasonable and appropriate hotel accommodations will be reimbursed.   Hotel accommodations deemed excessive or which are not related to an assigned task or judicial requirement will not be reimbursed.

    c.  <u>Meals.</u>  Meal expenses must be reasonable.  Meal expense submissions must identify the attendees for that meal. Meals will not be reimbursed for spouses or non-participating persons.

    d.  <u>Cash Expenses.</u>  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed, as long as the expenses are reasonable and properly itemized.

    e.  <u>Rental Automobiles.</u>  Luxury automobile rentals will not be fully reimbursable.   If luxury automobiles are selected, then the difference

between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless the larger sized vehicle is needed to accommodate several counsel or materials necessary to be transported to a deposition or trial. Rental automobile expense submissions must be supported by receipts or credit card statements. Such rentals are limited to travel pursuant to an assigned or required task related to this litigation.

    f.   <u>Private Drivers and Hired Cars.</u>  Expenses for transfers will only be reimbursed that average taxi/ride share rate for the city in which the transferred incurred. Waiting or idle time will not be reimbursed.

    g.   <u>Mileage.</u>  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS as of the date of the trip.

2.   *Non-Travel Limitations*

    a.   <u>Firm Overhead Costs.</u>  Firm overhead costs (including but not limited to expenses for office supplies or equipment, standard phone or internet service, maintenance of firm's website, etc.) are not reimbursable as common benefit expenses. Electronics or supplies reusable elsewhere are considered overhead and not common benefit.

    b.   <u>Client Recruitment.</u>  Expenses for advertising or other expenses for the purpose of marketing, client recruitment, or client acquisition are not reimbursable as common benefit expenses.

    c.   <u>Shipping, Overnight, Courier, and Delivery Charges.</u>  All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

    d.   <u>Postage Charges.</u>  A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

    e.   <u>Photocopying.</u>  The maximum copy charge for internal copying is

$0.20 per page for black and white copies and $0.35 per page for color copies.  Digital scans are only reimbursed at the photocopying rates.  Both photocopying and digital scans must be submitted with a contemporaneous log or other supporting documentation for the expense incurred.

    f.   <u>Computerized Research – Lexis/Westlaw.</u>   Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services.

B.    <u>Requirements and Limitations for Common Benefit Work</u>

Authorized common benefit work includes assignments made or authorized by Lead Counsel.  Plaintiffs' counsel who seek to recover Court-awarded common benefit attorney's fees and expenses in connection with this litigation must keep a daily contemporaneous record of their time and expenses, noting with specificity the hours, location, and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit compensation.    To be eligible for compensation, each time entry must include (a) the amount of time worked in one tenth (.1) hour increments, (b) the name of the attorney/paralegal performing the task, (c) the law firm name, (d) the professional level/title of the attorney or paralegal performing the task, (e) a description of the particular common benefit activity performed (with sufficient detail to permit meaningful review), (f) the appropriate litigation task code, and (g) the name of the Lead Counsel who authorized the activity in question. Compliance with the below guidelines merely renders attorney work eligible for potential future

compensation.   Fee awards, if any, will be determined by the Court.  Examples of

authorized and unauthorized common benefit work include, but are not limited to:

1.    <u>Depositions.</u>   Participating Counsel may attend any deposition, space
permitting.   However, if such counsel has not been designated as one
of the authorized questioners or otherwise authorized to attend the
deposition by Lead Counsel, the time and expenses will not be
considered common benefit work, but rather considered as attending on
behalf of such counsel's individual clients.   For counsel who are
designated by Lead Counsel to take or defend a deposition, such
counsel may have the assistance of one other attorney from his/her firm
at the deposition, whose time may be considered common benefit time
and whose expenses may be compensable.

2.    <u>Periodic MDL Conference Calls.</u>   These calls are held so that
individual attorneys are kept up-to-date on the status of the litigation,
and participation by listening to such calls is not common benefit work.
All attorneys have an obligation to keep themselves informed about the
litigation so that they can best represent their clients, and that is a reason
to listen in on those calls.   The attorneys designated by Lead Counsel
to run or participate in those calls are working for the common benefit
by keeping other lawyers informed and educated about the case, and
their time will be considered for the common benefit.   Nothing in this
paragraph should be construed to prevent members of the PEC from
submitting   common   benefit   time   for   participation   in   PEC
communications that are germane to all members of the PEC and are
necessary to fulfill their PEC obligations.

3.    <u>Periodic Status Conferences.</u>  Regular status conferences are held so
that the litigation continues to move forward efficiently and legal issues
are resolved with the Court.  Individual attorneys are free to attend any
status conference held in open court in order to keep up-to-date on the
status of the litigation and participation, but attending and listening to
such conferences is not common benefit work.  All attorneys have an
obligation to keep themselves informed about the litigation so that they
can best represent their clients.  Mere attendance at a status conference
will not be considered a common benefit expense or common benefit
time.   The attorneys designated by Lead Counsel to address issues that
will be raised at a given status conference or requested by the Lead

Counsel to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, Lead Counsel, as well as any other attorney whose attendance at a status conference is specifically requested by the Court may submit their time for evaluation as common benefit time.

4. <u>Committee Meetings or Calls.</u>  For purposes of committee phone calls or other meetings, a presumption exists that only one participant per firm will qualify for common benefit time, unless a committee contains more than one attorney otherwise authorized by the Lead Counsel.

5. <u>Identification and Work Up of Experts.</u>  Participating Counsel are expected to identify experts in consultation with the Lead Counsel and the Science & Experts Subcommittee Chair, who is responsible for coordinating with Lead Counsel.   If a Participating Counsel travels to and retains an expert without the knowledge and approval of the Lead Counsel, or Chair of the Science & Experts Subcommittee, that attorney understands that the MDL may not need or use that expert and the attorney's time and expenses may not be eligible for common benefit expenses/work.

6. <u>Attendance at Seminars.</u>  Attendance at a seminar will not be considered common benefit work.

7. <u>Document Review.</u>  Only document review specifically authorized by the Lead Counsel for the MDL and assigned to an attorney will be considered common benefit work.[9]  The review done in a designated attorney's office will be performed by appropriately trained individuals selected by the attorney.  If a reviewer elects to review documents beyond the scope of the review assigned to that attorney by the Lead for the MDL, that review is not considered common benefit work.  The Common Benefit Special Master and Common Benefit Committee will receive periodic reports from the vendor(s) retained to manage the electronic production of computer billing time for depository review.  Such vendor should have the capability to track actual time spent by each attorney reviewing documents.  The Common Benefit Committee

---

[9] Authorized document review may include either review of an assigned population of documents (e.g., a specific custodian file) or may encompass the search and review of documents related to a specific topic.

Case 3:25-md-03140-MCR-HTC    Document 155    Filed 03/11/25    Page 21 of 23

Page 21 of 23

will review all time submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated.

8.    <u>Contract Attorneys</u>.    Work by attorneys who are hired as contract attorneys will not be eligible for common benefit consideration without the prior express authorization of Lead Counsel.

9.    <u>Review of Pleadings and Orders.</u>    All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation.    Only those attorneys designated by Lead to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit.    All other counsel reviewing those pleadings and orders are doing so for their own benefit and the benefit of their own clients, and the review is not considered common benefit.    Nothing in this paragraph should be construed to prevent the Lead, Liaison Counsel, Federal/State Liaison Counsel, and/or Executive Committee from submitting common benefit time for reviewing orders of the Court that are germane to all members of the leadership and are necessary for review to fulfill their committee or court appointed obligations.

10.    <u>Emails.</u>    All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of group or mass emails is part of that obligation.    Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email.    For example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable.    If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

11.    <u>Review of Discovery Responses.</u>    All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses

served in this litigation.   Only those attorneys designated by the Lead to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit.    All other counsel reviewing those discovery responses are reviewing for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

12.   <u>Pilot Cases and Bellwether Discovery and Trial Pools.</u>   While the work-up of individual cases generally is ***not*** considered common benefit work, in the event a case is selected as a Pilot case[10] or for the bellwether trial process in the MDL, the work performed on the case as part of the Pilot or bellwether process may be considered for common benefit to the extent it complies with other provisions of this Order or Participation Agreement.  Work performed on an individual case prior to that case's selection as part of an approved Pilot or bellwether trial case will not be common benefit work.

13.   <u>Paralegal Work.</u>   Work performed by paralegals will be subject to all the same procedures and requirements set forth in this Order as that performed by attorneys.

14.   <u>Client Recruitment.</u>  Time spent traveling to, hosting, or participating in meetings, calls, etc. for the purpose of marketing, client recruitment, or client acquisition is not reimbursable as a common benefit expense.

In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel should ask the Common Benefit Special Master in advance as to whether the time may or may not be compensable.

The Court **DIRECTS** the Clerk to file a copy of this Order in Case No. 3:25-

---

[10]   The Court will decide later whether case-specific work done in the Pilot cases is eligible as common benefit work.  For now, counsel should submit all time and expenses for work in these cases.

md-3140.  This Order will apply to each MDL No. 3140 member-case previously transferred to, removed to, or filed in this District or subsequently filed in, or removed or transferred to, this District.

It is the responsibility of the parties to review and abide by all Orders entered by the Court.  The Orders may be accessed through PACER, as well as on the MDL's webpage, https://www.flnd.uscourts.gov/depo-provera-products-liability-litigation-mdl-no-3140.

**SO ORDERED** this 11th day of March, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**