UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**PRETRIAL ORDER NO. 10**
(Stipulated Order on Procedures for Direct Filing)

1.  ***Direct Filing Permitted.*** To promote judicial efficiency and eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts, any Plaintiff whose case would be subject to transfer to MDL No. 3140 may file his or her case directly in the Northern District of Florida, Pensacola Division. The direct filing of actions in MDL No. 3140 is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407. In the body of the Complaint, each case filed directly into MDL No. 3140 must identify a "Designated Forum," i.e., the federal district in which the Plaintiff would have filed his or her case in the absence of direct filing in the jurisdiction and venue section, alongside the citizenship of the named Parties. Counsel must also include the Designated Forum in the case caption of the Complaint in the bottom right corner, as in the following example:

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>[CASE NAME] | Case No. 25-md-3140<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon<br><br>Designated Forum: [STATE] |

Counsel admitted *pro hac vice* in any other case before this MDL may initiate a separate action in this MDL without local counsel. An attorney who is not admitted *pro hac vice* in any case will be permitted to commence an action directly in this MDL pursuant to this order, provided that counsel must file his or her *pro hac vice* application within 30 days of the direct filing. Any case filed directly into MDL No. 3140 must comply with the prohibition on multi-plaintiff complaints set forth in Case Management Order No. 1, ECF No. 72.

    **2**.    ***No* Lexecon *Waiver.*** For cases filed directly into MDL No. 3140, the Parties preserve and do not waive any rights under *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26 (1998), to have each case remanded to the Designated Forum for trial. Nothing in this order precludes the Parties from agreeing to *Lexecon* waivers in the future.

    **3**.    ***No Determination Regarding Jurisdiction or Venue.*** The inclusion of any case in MDL No. 3140, whether such case was or will be filed originally or directly in the Northern District of Florida or transferred or removed to the Northern

District of Florida, does not constitute a determination by this Court that jurisdiction or venue is proper in this District or any other Designated Forum. However, for purposes of cases filed pursuant to this Order, Defendants waive any argument that this Court lacks personal jurisdiction over the Defendants for purposes of coordinated pretrial proceedings but expressly preserve any personal jurisdiction defense that may be raised in an individual case.

    4. *Future Remands.* Nothing herein precludes any party from moving for remand or a suggestion of remand, or otherwise seeking transfer under 28 U.S.C. § 1404, at any time as ordered by the Court or as otherwise permitted by law, nor from opposing any remand or suggestion of remand.

    5. *Direct Filing Will Not Impact Choice of Law.* The fact that a case was filed directly in MDL No. 3140 pursuant to this Order will have no impact on choice of law, including the statute of limitations and any statute of repose. Choice of law principles will be determined based on the choice-of-law rules that would have applied in the federal district court of the individual Plaintiff's Designated Forum as specified in his or her Complaint.

    6. *Form, Filing, Service, and Requirements for Direct Filed Complaints.*

        A. Prior to directly filing a case pursuant to this Order, counsel for each Plaintiff is instructed to conduct a PACER and/or MDL-Centrality search to

ensure that a previous complaint has not been filed for the same Plaintiff. Prior to directly filing a case pursuant to this Order, counsel for each Plaintiff must also make a reasonable effort to determine if that Plaintiff has filed a case in any state court.[1]

      B.    Only a Complaint in which a Plaintiff alleges she developed intracranial meningioma(s) resulting from her alleged use of Depo-Provera (or depot medroxyprogesterone acetate) may be directly filed in this Court.

      C.    Service of a Complaint filed pursuant to this Order must be made in accordance with the Stipulated Order Regarding Service through MDL Centrality Pretrial Order No. 12 (forthcoming), requiring service through MDL Centrality.

**SO ORDERED** this 13th day of March 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] Duplicate cases and dual representation issues will not plague the MDL docket.