UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 3:25-md-3140<br><br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## CASE MANAGEMENT ORDER NO. 2

On March 13, 2025, the Court held the second Case Management Conference ("CMC 2") in the *Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation*, MDL No. 3140.[1] Interim Lead Chris Seeger appeared on behalf of Plaintiffs. For Defendant Pfizer, Joe Petrosinelli, Jessica Rydstrom, and Jeremy Branning appeared; for Defendants Greenstone and Viatris, Charles Beall, Clem Trischler, and Mark Cheffo appeared; and for Defendant Prasco, Georgia Hatzis appeared. Also present for the conference were Magistrate Judge Hope T. Cannon, the Honorable David Herndon (Ret.), Special Master, as well as Orran Brown and Jake Woody on behalf of the Data Administrator, BrownGreer. The main focus of the conference was the Parties' Joint Rule 26 Report.[2] *See* ECF No. 142. This Order

---

[1] The Judicial Panel on Multidistrict Litigation consolidated and transferred MDL No. 3140 to this Court on February 7, 2025. As of this date, 110 member cases have been docketed.

[2] The Parties held their Rule 26 meeting on March 3, 2025, and filed their Joint Report on March 7, 2025. *See* ECF No. 142.

memorializes the key points of discussion during the conference, the issues resolved, and matters still outstanding.

By way of review, since the Initial Case Management Conference, held on February 21, 2025, and prior to CMC 2, the Court entered Pretrial Orders ("PTOs") appointing BrownGreer as Data Administrator, PTO No. 6 (ECF No. 97); appointing Judge Herndon as Special Master to aid the management of the litigation, PTO No. 7 (ECF No. 98); and appointing Randy Samson, CPA, as the Common Benefit Special Master, PTO No. 9 (ECF No. 154). The Court also entered Common Benefit Order No. 1 (ECF No. 155) establishing the preliminary procedures and guidelines for the submission of common benefit fees and expenses.

Turning to the Parties' Joint Report, the Court was impressed with the amount of work accomplished by the Parties and the number of agreements reached, as demonstrated by several proposed stipulated orders attached to the Parties' Rule 26 Report. The Parties were able to agree on procedures for direct filing, service through MDL Centrality, confidentiality, early proof of use and injury, and also discovery protocols. With slight modifications, the Court has now adopted the Parties' stipulations as orders of the Court. *See* ECF Nos. 168, 171, 172, 174–178 (PTO Nos. 10—17). The most notable modification to the Parties' stipulated proposals is the Court's omission—for now—of a deficiency procedure from the orders governing direct filing and requiring proof of use and injury. As discussed

on the record, these orders are central to early vetting, so a clear, uniform, and efficient procedure for resolving deficiencies is essential. The Parties must confer with BrownGreer about how to maximize efficiency in this process. The Parties must submit a separate proposal for the deficiency process on or before **April 14, 2025**.

The Parties reported that there is no need for a master or short version complaint or a Science Day at this time. The Court agrees.

The Court has entered a Scheduling Order, as stipulated by the Parties, in each of the five Pilot Cases, which is attached to this Order.[3] *See* Exhibit A.

As discussed at the conference, there is some confusion about whether the authorized generic Defendants (Greenstone, Viatris, and Prasco) had sufficient involvement with the involved drug to remain in this litigation; however, Defendants have indicated they do not intend to file any Rule 12 motions. In the Court's view, there is enough of a question on this issue to warrant an early determination of whether a viable claim(s) can be made against the authorized generic Defendants. Accordingly, Interim Lead counsel and the authorized generic Defendants must confer and decide whether the Defendants will provide affidavits addressed to this

---

[3] The Parties identified a dispute over whether expert testimony would be needed for the preemption defenses. Should the Parties conduct expert preemption discovery, they are cautioned that *all* preemption discovery must be completed within the 120 days allotted, regardless of whether preemption experts are involved.

issue or instead sit for a deposition.[4]  Counsel for Greenstone, Viatris, and Prasco all agreed that their clients would provide Plaintiffs an affidavit of non-involvement within 14 days.  Their notice of compliance should be filed on the docket.

As stated by prior order, *see* CMO No. 1, ECF No. 72 at 10, the class certification motion deadline has been stayed for the medical monitoring class action cases, and the Court will be entering an order to that effect on the individual dockets of *Greeno*, No. 3:25-cv-148, and *Denelsbeck*, No. 3:25-cv-248.

Finally, the Court noted that the MDL webpage is live.  *See* https://www.flnd.uscourts.gov/depo-provera-products-liability-litigation-mdl-no-3140.  Also, the Parties are directed to confer and notify the Court of an agreed regular preferred day for scheduling future Case Management Conferences (CMCs)—that is, a preferred week of the month and day of the week.  The next CMC will be held in May and scheduled monthly thereafter.  A regular schedule of dates for discovery conferences should also be proposed, which will be in addition to the CMCs.  The Parties' proposals may be submitted by email to Courtroom Deputy Barbara Rogers:  Barbara_Rogers@flnd.uscourts.gov on or before **April 14, 2025**.

---

[4] The Court indicated that if the Parties could not agree on the necessary form of affidavit, Plaintiffs would be allowed a narrow window of discovery for an early deposition on the issue.

**SO ORDERED** this 15th day of March 2025.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**