UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 3:25-md-3140<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

**PRETRIAL ORDER NO. 22**
**(Identification of Deficiencies in Threshold Proof of Use and Injury Requirements)**

Every Plaintiff with an action pending in the MDL is required to complete a Plaintiff Proof of Use/Injury Questionnaire ("Questionnaire") and provide threshold documentary proof of their use of Depo-Provera and meningioma diagnosis ("threshold documentation"). *See* Pretrial Order ("PTO") No. 17. The Parties have conferred and agreed on a process for identifying potential deficiencies in the Questionnaire and threshold documentation each Plaintiff submits. The Court agrees that an efficient and organized process for evaluating Plaintiffs' threshold proof of product use and injury documentation is important to the effective management of the MDL.[1]

---

[1] The process outlined in this Order applies only to the Questionnaires and threshold documentation provided by Plaintiffs pursuant to PTO 17.

As the Parties previously agreed, and the Court has ordered, Plaintiffs must use the online BrownGreer MDL Centrality system to upload and submit the Questionnaire and threshold documentation. Preliminarily, the Court notes that because the Questionnaire is hosted online and includes mandatory fields for Plaintiffs to answer,[2] the universe of potential deficiencies should be quite limited. Plaintiffs and their counsel are reminded, though, that except in specified circumstances (*see* Exhibit A), the Plaintiff named in the Questionnaire as the medication user must be the one to sign the Questionnaire electronically.

Turning to the threshold documentation requirements, Plaintiffs' Proof of Use documentation must include the following:

1. The Plaintiff's name;
2. The date of the action recorded in the document (such as date prescribed, date dispensed, etc.);
3. The name of a Requisite Product;[3] and
4. That the Requisite Product was administered to the Plaintiff (i.e., that it was prescribed, sold, dispensed, cost reimbursed or covered by insurance, or other action sufficient to indicate the use or dispensation of the Requisite Product to or by the Plaintiff).

---

[2] Any Plaintiff seeking a hard copy Use/Injury Questionnaire must contact BrownGreer to obtain one on a special basis.

[3] The Requisite Product must be one of the following: Depo Provera, Depo-Provera, DPCI, Depo Provera IM, DMPA, Depot medroxyprogesterone acetate, Medroxyprogesterone Acetate, MPA, IM MPA, Depo-SubQ Provera 104, Greenstone Medroxyprogesterone, Greenstone MPA, Prasco Medroxyprogesterone, and/or Prasco MPA.

Plaintiffs may upload no more than five pages of documentation in support of Proof of Use for each Product administered, and they must "bookmark" in each PDF set the page(s) that they rely on as proof of using the Requisite Product(s).  Exhibit A, attached, includes a list of acceptable types of Proof of Use documentation.[4]

Plaintiffs must also provide Proof of Injury that includes the following:

1. The Plaintiff's name;
2. The Requisite Physical Injury[5] diagnosed;
3. That a diagnosis of the Requisite Injury was made for the Plaintiff;
4. The date of diagnosis; and
5. The date of diagnosis shown in the documentation must be within one year of the date of diagnosis claimed by Plaintiff in the Questionnaire itself.

As with Proof of Use, Plaintiffs may upload no more than five pages of documentation in support of Proof of Injury and must "bookmark" in each PDF set the page(s) they rely on to show diagnosis(es).[6]  Exhibit A includes a list of

---

[4] Plaintiffs should note that several categories of documentation must have been created at or near the time of the events recorded in the document.  There are limited categories of documents meeting the threshold documentation requirements after-the-fact (e.g., a sworn declaration by a healthcare provider).

[5] The Requisite Physical Injury must be one of the following: Meningioma, Intracranial meningioma, Intercranial meningioma, Cranial meningioma, Brain meningioma, Meninges tumor, Arachnoid tumor (but not arachnoid cyst), Convexity meningioma, Falcine meningioma, Parasagittal meningioma, Intraventricular meningioma, Skull base meningioma, Sphenoid wing meningioma, Olfactory groove meningioma, Posterior fossa/petrous meningioma, Suprasellar meningioma, Recurrent meningioma, Foramen magnum meningioma, Meningothelial meningioma, Fibrous meningioma, Psammomatous meningioma, Angiomatous meningioma, and/or Secretory meningioma.

[6] If a Plaintiff used more than one Requisite Product or received more than one type of injury diagnosis, she may upload up to five pages in support of each Product used or diagnosis made.

acceptable types diagnosis documentation and which of those must have been created at or near the time of the events recorded in the document.

BrownGreer will review the completed Questionnaires and threshold documentation for deficiencies as outlined in the protocol attached as Exhibit A, which allows Plaintiffs an opportunity to cure any deficiencies that BrownGreer identifies.[7] After that review and cure period, BrownGreer will inform the Court of any Plaintiff who has failed to cure a deficiency in a Questionnaire or the threshold documentation submitted. The Court will then issue an Order to Show Cause on the individual docket, with deadlines for the individual Plaintiff's response and any additional briefing by the defense, as well as page limits for the brief(s). If necessary, a hearing will be conducted and if, after any hearing, the Court concludes that Plaintiff has failed to comply with this Order and PTO 17, the action may be dismissed with prejudice for a willful failure to comply with orders and deadlines of the Court.

Finally, the Court recognizes that some number of Plaintiffs, despite diligent efforts, may be unsuccessful in obtaining threshold documentation because their alleged use of the product, which has been on the market for decades, occurred many years ago. The Court intends to consult with the Parties and address this concern

---

[7] A more detailed overview of the standard procedure for analysis of the deficiencies in Questionnaires and threshold documentation can be found in the Case Information section on the home page of the MDL Centrality Depo-Provera portal available at www.mdlcentrality.com.

once the scope of this potential issue is better understood. In the interim, Plaintiffs are reminded that long-ago use does not excuse them from attempting to collect documentary proof with diligence.

    **SO ORDERED** this 6th day of May, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**