## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

### PRETRIAL ORDER NO. 27
### (Certification of Case Inventory Requirement for Plaintiffs' Leadership Firms)

Despite representations made to the undersigned by lawyers who applied for a position on Plaintiffs' Leadership that all Depo-Provera cases in their law firm's inventories (i.e., hundreds of cases) would be filed in the MDL, these cases largely remained unfiled. As a result, and as expressed at the July 11, 2025 Case Management Conference, the undersigned is concerned that law firms may be warehousing cases that could, and should, be filed, perhaps attempting to avoid filing until after the preemption issue is resolved or expending resources to collect proof of use and injury. Such a strategy is disruptive to the efficient management of the MDL—and it belies the intentions and processes for threshold proof submissions in Pretrial Orders 17 and 22. It also burdens the Court, Settlement Administrator, and Parties with potentially disproportionate spikes in filings. Moreover, simple fairness

dictates that all members of Leadership should be equally diligent in filing and prosecuting their clients' cases within the MDL.

Accordingly, each law firm with counsel appointed to Plaintiffs' Leadership must certify the number of unfiled Depo-Provera cases in the firm's inventory by **July 31, 2025**. Plaintiffs must serve these certifications through BrownGreer at DepoProvera@browngreer.com, and BrownGreer will compile the certifications and transmit them to the Court. If these law firms file a vastly disproportionate number of cases after the Court's ruling on preemption (assuming Plaintiffs' claims survive), the firms will be ordered to file a second certification to explain what was done to investigate the claims and proof of use/injury, and when those efforts were made.[1] Based on those certifications, the Court will consider whether counsel from those firms should be allowed to remain in a Leadership position.[2]

**SO ORDERED**, on this 16th day of July, 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] It is not acceptable for counsel to hold cases claiming proof of use/injury does not exist if they have made no efforts to obtain those records.

[2] Likewise, the Court will also consider whether removal from Leadership is appropriate if firms fail to respond with certifications at all.