# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 3:25-md-3140<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## PRETRIAL ORDER NO. 30
### (Application of Rulings on Preemption and Rule 702 Motions to All Individual Actions)

The Court, by agreement of the Parties, adopted an initial Scheduling Order that prioritized two threshold issues in the MDL: Defendants' federal preemption defense and Defendants' position that Plaintiffs lack reliable expert evidence of general causation. *See* ECF No. 179-1. That Scheduling Order reflected the Court's and the Parties' shared goal of ensuring that this litigation proceeds fairly and efficiently, and it set deadlines for discovery on these threshold issues. Under Pretrial Order No. 18, the Court appointed leadership counsel for all Plaintiffs in the MDL, and Plaintiffs' leadership counsel has the responsibility on behalf of all Plaintiffs to conduct discovery, engage and present experts, and file briefing in connection with Defendants' motions. ECF No. 180.

The Court also selected five Pilot Cases, identified in Case Management Order No. 1 (ECF No. 72), through which the Parties are litigating and presenting these threshold issues. The Court has entered the Scheduling Order only in those cases. However, in the interests of efficiency and judicial economy, the Court intends its rulings on Defendants' preemption and Rule 702 motions to apply to all cases in the MDL, not just the five Pilot Cases, given that Defendants assert federal preemption and general causation as defenses to the claims against them in all cases. At the same time, the Court wants to ensure that all Plaintiffs in the MDL have the opportunity to be heard on these matters. Accordingly, the Court now enters this Order to set forth the process through which any rulings on these motions will be applied beyond the five Pilot Cases. To that end, when the Court issues its rulings, they will be entered in the master MDL docket and will be deemed to apply to all cases.

The Court therefore implements the below procedures with respect to how its rulings will be applied to all pending and future directly filed or transferred MDL cases:

**Currently pending cases, and cases filed in or transferred to this Court after February 20, 2026, but before the Court has issued its decisions on the preemption and/or Rule 702 motions.**

*Preemption*. In accordance with the Scheduling Order, Defendants filed their motion for summary judgment on preemption on August 22, 2025. The Court heard

initial oral argument on the motion on September 29, 2025. All counsel for all Plaintiffs in the MDL had the opportunity to attend that oral argument (either in person or remotely), and any individual lawyer for MDL Plaintiffs seeking access to the unredacted transcript may contact Chambers. After the oral argument, on December 12, 2025, the FDA approved Pfizer's request to add a warning regarding meningioma to the US label for Depo-Provera. Accordingly, the Court requested that the Parties submit supplemental briefing on Defendants' preemption motion to address the impact of the FDA's action. The supplemental briefing schedule is reflected in the Court's January 23, 2026 Order (ECF No. 526), with Defendants submitting their supplemental brief on January 30, 2026, Plaintiffs' leadership submitting their supplemental opposition on February 20, 2026, and Defendants submitting their reply on February 27, 2026. To the extent any Plaintiff with a pending case in the MDL as of the date of this Order wishes to submit additional briefing on the preemption issue, that Plaintiff must also submit her brief by February 20, 2026.

There may be cases filed in or transferred to the MDL after February 20, 2026, but before the Court has issued its decision on the preemption motion. Should a Plaintiff in any such case, after consultation with Plaintiffs' leadership counsel, seek to submit arguments in opposition to the Defendants' preemption motion that are materially different from the arguments that Plaintiffs' leadership counsel have

presented, that Plaintiff must file such a request by no later than three (3) days after Plaintiff's case is docketed in the MDL. A request must be no more than five (5) pages and must include a proffer explaining why Plaintiff believes her argument differs from the arguments that have been made by Plaintiffs' leadership counsel in a way that could impact the Court's decision on the motion. Both Plaintiffs' leadership counsel and Defendants must file a response to any such requests, which likewise must be no more than five (5) pages, within three (3) days of the request. Thereafter, the Court will promptly rule on any such requests.

*General Causation*. Regarding general causation, if the Court grants Defendants' summary judgment motion on preemption, there will be no need for further motion practice in the MDL; however, if the Court denies, in whole or in part, Defendants' summary judgment motion on preemption, the Court will rule on Defendants' motions under Rule 702 to exclude Plaintiffs' proposed general causation experts. Under the Third Amended Scheduling Order in the Pilot Cases (ECF No. 490), the briefing on those Rule 702 motions will commence on April 22, 2026. The Court has set a hearing on the motions for May 26–28, 2026.

To the extent any Plaintiff with a pending case in the MDL as of the date of this Order wishes to submit additional briefing on the general causation challenge or submit her own general causation experts, that Plaintiff must, after consulting with Plaintiffs' leadership counsel, file a motion requesting leave to do so. Any such

motion must be filed within **ten (10) days** of the date of this Order, given that Plaintiffs' leadership's expert disclosures were made on January 1, 2026. The motion is limited to five (5) pages and must include a proffer explaining why her arguments are materially different from the arguments that Plaintiffs' leadership counsel have presented and/or why Plaintiffs' leadership's experts are inadequate or insufficient to address the general causation question. Both Plaintiffs' leadership counsel and Defendants must file a response to any such motions, which are likewise limited to five (5) pages, within three (3) days of the motions.

Similarly, if any Plaintiff with a case filed in or transferred to this MDL after the date of this Order but before the Court rules on Defendants' Rule 702 motions wishes to submit additional briefing on the general causation challenge or submit her own general causation experts, the same procedure outlined in the preceding paragraph will apply, except that the Plaintiff must file her motion for leave within three (3) days of Plaintiff's case being docketed in the MDL.

**Cases directly filed in or transferred to the MDL after the Court's preemption and/or Rule 702 decisions.**

After the Court issues its decisions on Defendants' preemption motion and/or Defendants' Rule 702 motions, the Court will issue further orders to address how any rulings will apply to cases against Defendants that are filed in or transferred to this MDL after any decisions are issued.

**DONE AND ORDERED** this 27th day of January, 2026.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**