# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: *All Cases* | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## PFIZER INC., PHARMACIA LLC, AND PHARMACIA & UPJOHN CO. LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON FEDERAL PREEMPTION

**TABLE OF CONTENTS**

Page

INTRODUCTION ..........................................................................................................1

BACKGROUND ...........................................................................................................2

ARGUMENT ................................................................................................................5

I.    Plaintiffs' Claims Remain Preempted Because FDA Rejected the
      Warning Plaintiffs Seek Under State Law.........................................................5

II.   Alternatively, Plaintiffs' Claims Accruing Before September (Or
      At Least July) 2024 Remain Preempted............................................................8

i

## TABLE OF AUTHORITIES

Page

### CASES

*Amos v. Biogen Idec Inc.*, 249 F. Supp. 3d 690 (W.D.N.Y. 2017)...........................10

*Dobbs v. Wyeth Pharms.*, 797 F. Supp. 2d 1264 (W.D. Okla. 2011).....................7, 8

*Dolin v. GlaxoSmithKline LLC*, 901 F.3d 803 (7th Cir. 2018).................................8

*In re Depakote*, 87 F. Supp. 3d 916 (S.D. Ill. 2015)...............................................8, 9

*In re Zofran (Ondansetron) Prods. Liab. Litig.*, 57 F.4th 327 (1st Cir. 2023)..........7

*Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472 (2013)................................................5, 6

*Pfaff v. Merck & Co., Inc.*, 627 F. Supp. 3d 134 (E.D.N.Y. 2022) ..........................8

ii

**INTRODUCTION**

FDA initially rejected Pfizer's request to add a meningioma warning to Depo-Provera's label based on Pfizer's February 2024 PAS.  In June 2025, Pfizer submitted an Updated PAS, renewing its request for a warning.  The Updated PAS cited two new developments that occurred in September 2024: (1) the publication of the Griffin study, and (2) PRAC's decision to add a meningioma warning to Depo-Provera's label, which followed Pfizer's July 2024 response to PRAC's request to compare the bioavailability of MPA in various MPA-containing products.  These developments made a difference; FDA approved the Updated PAS and added a meningioma warning in December 2025.  But they *did not exist* before September (or at a minimum July) 2024.

For purposes of this MDL, therefore, "clear evidence" shows that FDA would have rejected a meningioma warning before July 2024, because FDA *in fact* rejected a warning based on a PAS that predated that time.  All claims in which a plaintiff's last prescription of Depo-Provera occurred before July 2024 are thus preempted.

That would be true even if FDA had accepted the very warning Plaintiffs seek under state law—that Depo-Provera carries "an *increased* risk of meningioma." MSJ Opp. ("Opp.") 12.  But FDA actually *rejected* an "increased risk" warning, meaning claims based on post-July 2024 prescriptions are likewise preempted.  In its latest action, FDA decided that Pfizer can warn only that "[c]ases of meningioma

1

have been reported … primarily with long-term use" and that patients should "[d]iscontinue Depo-Provera CI if a meningioma is diagnosed."  Ex. 30 (Updated Label) at -8904779.  FDA also flatly *denied* Pfizer's requests to include in the label (1) a description of the Roland and Griffin studies on which Plaintiffs rely, which noted that both studies reported an increased risk of meningioma, and (2) a statement that doctors should inform patients with a history of meningioma that Depo-Provera carries a "possible increased risk" of meningioma.  Ex. 31 (FDA Redline) at -8904917-18.  FDA's actions therefore confirm that it is impossible for Pfizer to comply with both federal law and any supposed state-law duty.

## BACKGROUND

A timeline of the relevant events is attached as Exhibit A.  In November 2024, FDA rejected Pfizer's PAS because the "available observational studies" did "not support" a meningioma warning. Ex. 9 (CRL) at 1.  Pfizer then sent FDA an Updated PAS because "additional scientific information" on meningioma risk had become available "[s]ince submission of [Pfizer's] PAS" in February 2024. Ex. 10 (Updated PAS) at -7473944.  *First*, a new large observational study of U.S. patients reported a statistically significant increased risk between "injection MPA exposure" and "cerebral meningiomas" "that became stronger with a longer duration of use of injection MPA."  Ex. 18 (Griffin 2024) at 1.  *Second*, PRAC concluded that "information on meningioma should be included" on labels for Depo-Provera and

2

Depo-SubQ Provera 104. *Id*. at -7473945. PRAC's decision followed an iterative process with Pfizer where PRAC requested (and in July 2024 Pfizer provided) a bioavailability analysis that assessed "the risk of meningioma for the lower doses of MPA." Opp. Ex. 33 at -4256649. Both developments occurred in September 2024.

As a result, and consistent with the deadlines in Pfizer's internal processes for label updates (*see* 9/29/25 Hr'g Tr. at 26:1-29:9) and the one-year window within which FDA permits resubmission of a PAS (*see* Ex. 9 at 2), in June 2025 Pfizer renewed its request to add a meningioma warning to the labels for Depo-Provera and Depo-SubQ. *See* Ex. 10 at -7473944. Pfizer also withdrew its prior request to add a warning to the labels of "products containing low-dose oral MPA." *Id.* at -7473946. Pfizer's Updated PAS provided FDA with the bioavailability analysis that the company had sent to PRAC, *see* Ex. 33 (Clinical Overview) at 17, and it included draft labels proposing the same warning language for Depo-Provera and Depo-SubQ. With one exception (relating to clinical studies, as discussed below), the new draft labels were nearly identical to the labels Pfizer proposed to FDA in its February 2024 PAS. In the "Highlights" section, under the header "Warnings and Precautions," Pfizer suggested this addition: "Meningioma: Discontinue if meningioma is diagnosed. Caution is advised when recommending Depo-Provera CI to patients with a history of meningioma." Ex. 10 at -7473953. In the section titled "Full Prescribing Information," Pfizer proposed this paragraph:

3

**5.4 Meningioma**
Meningiomas have been reported following long-term administration of medroxyprogesterone acetate. Patients treated with Depo-Provera CI should be monitored for signs and symptoms of meningioma in accordance with clinical practice. Depo-Provera CI should be discontinued if a meningioma is diagnosed. Caution is advised when recommending Depo-Provera CI to patients with a history of meningioma.

*Id.* at -7473959. As before, Pfizer's Updated PAS proposed an advisory to health care professionals to "[c]ounsel patients with a history of meningioma about the possible increased risk of meningioma." *Id.* at -7473971.

Pfizer also recommended including in the "Clinical Studies" section of the label paragraph-long summaries of the Roland and Griffin epidemiological studies that had been published in 2024. *Id.* at -7473969-70. The Roland summary stated that Roland's analysis "showed an excess risk of meningioma" with Depo-Provera use, with a statistically significant odds ratio, and that the risk "seems to be driven primarily by prolonged use." *Id.* at -7473970. The Griffin summary said that the "results from" the study showed that MPA use "was associated with increased odds of the presence of meningioma with evidence of increased odds with increasing duration of use" and conveyed the study's statistically significant odds ratios. *Id.*

Plaintiffs criticized these new labeling proposals as insufficient before FDA ever acted on them, arguing "Pfizer's 2025 proposal still fails to warn that Depo-Provera carries an *increased* risk of meningioma for all users." Opp. 12 (emphasis in original). That criticism flows from the allegations in the Pilot Complaints, which

4

premise Plaintiffs' claims on the notion that Depo-Provera's label "makes no mention of the increased risk to patients of developing intracranial meningiomas." *See, e.g.*, Am. Compl. ¶ 7, *Toney v. Pfizer*, No. 3:23-cv-624 (N.D. Fla. filed June 4, 2025). According to the Complaints, Pfizer had a state-law duty to warn that "Depo-Provera was associated with a highly increased risk of meningioma." *Id.* at ¶ 76.

In December 2025, FDA approved the Updated PAS and issued new labels for both Depo-Provera and Depo-SubQ. *See* Ex. 32 (PAS Approval) at -8904832. But FDA *rejected* the warning language that Pfizer proposed (and that Plaintiffs argued did not go far enough). In the "Highlights" section, FDA cut the phrase "Caution is advised when recommending Depo-Provera CI to patients with a history of meningioma," and inserted: "Monitor patients for signs and symptoms of meningioma." Ex. 30 at -8904773. FDA cut the same caution-is-advised language in the "Warnings and Precautions" section, and it deleted the Roland and Griffin summaries in the "Clinical Studies" section. *Id.* at -8904779. In the "Patient Counseling Information" section, FDA deleted Pfizer's proposal that doctors discuss an "increased" risk of meningioma. *Id.* at -8904790.

## ARGUMENT

### I.    Plaintiffs' Claims Remain Preempted Because FDA Rejected the Warning Plaintiffs Seek Under State Law

Federal law preempts state law "where it is impossible for a private party to comply with both state and federal requirements." *Mut. Pharm. Co. v. Bartlett*, 570

5

U.S. 472, 480 (2013) (cleaned up).  Plaintiffs' core claim is that state tort law requires Pfizer to warn "that Depo-Provera carries an *increased* risk of meningioma for all users."  Opp. 12 (emphasis in original); *see also, e.g.*, *Toney* Am. Compl. ¶ 7 (alleging Depo-Provera's label must disclose "the increased risk to patients of developing intracranial meningiomas"); *id.* at ¶¶ 76, 83, and 172.

FDA has now twice refused to accept Plaintiffs' demand, and Pfizer's suggestion, that Depo-Provera's label should warn of an "increased risk of meningioma."  Pfizer can warn *only* that "meningiomas have been reported following repeated administration of [Depo-Provera], primarily with long term use." Ex. 30 at -8904779.  Pfizer also told FDA that providers should be advised to use "[c]aution … when recommending Depo-Provera CI to patients with a history of meningioma." Ex. 10 at -7473953, -59.  But the FDA-approved label tells providers to merely "[m]onitor patients … for signs and symptoms of meningioma."  Ex. 30 at -8904779.

FDA's actions as to the rest of the label confirm the vast delta between Plaintiffs' demand and FDA's decision.  Pfizer proposed paragraph-long summaries of the Roland and Griffin studies, including Roland's conclusion that Depo-Provera carried "an excess risk of meningioma" with a 5.55 odds ratio.  Ex. 10 at -7473970. Pfizer likewise wanted the label to share "results from" the Griffin study revealing the product "was associated with increased odds of the presence of meningioma."

*Id.* FDA cut those summaries, Ex. 30 at -8904789, and told Pfizer it did "not agree that this information [was] necessary," Ex. 31 at -8904917.

FDA also expressly rejected Pfizer's suggestion—and Plaintiffs' claim—that doctors should warn Depo-Provera users of an "increased risk of meningioma." Ex. 10 at -7473971. FDA excised that language from the "Patient Counseling" section and inserted "possible risk of worsening meningioma" in its place. Ex. 30 at -8904790. That edit is significant. First, FDA specifically rejected the notion that Depo-Provera's label should warn of an increased risk of meningioma, in flat contradiction to Plaintiffs' state law tort claims that demand such a warning. Second, FDA framed the warning it did permit as a "possible risk" of "*worsening* meningioma." That means Pfizer can't warn that Depo-Provera *initiates* or *causes* meningioma. Third, FDA recommends that providers tell only "patients with a history of meningioma" about that "possible risk." *Id.* Such counseling is not advised for patients with no history of meningioma.

FDA's approved label "is fundamentally incompatible with [P]laintiffs' position that the label should state that [Depo-Provera] had been shown to" increase the risk of meningioma in all users. *See In re Zofran (Ondansetron) Prods. Liab. Litig.*, 57 F.4th 327, 342 (1st Cir. 2023). Preemption thus applies because Plaintiffs' state law tort claims would require a warning above-and-beyond the limited warning FDA permits. *See Dobbs v. Wyeth Pharms.*, 797 F. Supp. 2d 1264, 1272-74, 1277

(W.D. Okla. 2011) (preempting state law claim that would require an "enhanced suicidality warning" beyond the FDA-approved warning).

Finally, FDA's decision to add identical meningioma warnings to Depo-Provera and Depo-SubQ dooms Plaintiffs' design defect claims. In addition to the legal deficiencies with those claims, *see* MSJ 24-26; Reply 13-14, FDA has now undercut their factual premise (*i.e.*, that Depo-SubQ is a safer design).

## II. Alternatively, Plaintiffs' Claims Accruing Before September (Or At Least July) 2024 Remain Preempted

Even if FDA had approved the very warning Plaintiffs seek, that would not defeat preemption. Preemption is judged on the date a plaintiff's state tort claim accrues, which in this MDL would be the date of a plaintiff's last prescription. *See Pfaff v. Merck & Co., Inc.*, 627 F. Supp. 3d 134, 145 (E.D.N.Y. 2022) ("the operative question [is] whether it was possible for Merck to [add a warning] before Pfaff ceased using the drug in March 2012"). That is why, for example, the Seventh Circuit focused the preemption inquiry in *Dolin v. GlaxoSmithKline LLC* on the status quo *before* "Dolin took paroxetine and committed suicide." 901 F.3d 803, 814-15 (7th Cir. 2018). So oriented, the court applied preemption because "clear evidence" demonstrated "that the FDA would have rejected [a suicide] warning" before his death. *Id.* at 812, 816.

Myriad other authorities confirm that preemption is judged on the date a plaintiff's claim accrues. *E.g.*, *In re Depakote*, 87 F. Supp. 3d 916, 922 (S.D. Ill.

2015) (finding "clear evidence that the FDA would not have approved a change to the 1999 label to include a warning of developmental delay," even though FDA approved "developmental delay language [in] 2011"). Thus, regardless of FDA's actions on the Updated PAS, preemption still applies if "clear evidence" shows that FDA would have refused a meningioma warning before the date of a plaintiff's last Depo-Provera prescription. If so, all claims before then are preempted.

The evidence clearly shows that FDA would have rejected Plaintiffs' proposed warning—that Depo-Provera carries an *increased* risk for *all* users— before September 2024. FDA in fact rejected a proposed meningioma warning based on Pfizer's February 2024 PAS. Ex. 9 at 1. In December 2025, FDA approved a limited version of Pfizer's proposed warning. Ex. 32 at -8904832. The only thing that changed between those dates is that Pfizer's Updated PAS informed the agency of two developments that occurred in September 2024: the publication of Griffin's new epidemiological study and PRAC's labeling decision. Ex. 10 at -7473945.

Pfizer told FDA "the outcome of the PRAC recommendation, the evidence on which it was based, and … the latest available literature on the topic" supported its renewed labeling request. *Id.* Those developments changed FDA's view on the need for a warning, but they *did not exist* before September 2024. FDA expressly "determined" that it could not "approve" a warning label based on a submission that pre-dated those developments. Ex. 9 at 1. That "smoking gun rejection letter from

9

the FDA" is as clear as it gets; it timestamps FDA's view that a meningioma warning was impermissible before the developments in September 2024. *Amos v. Biogen Idec Inc.*, 249 F. Supp. 3d 690, 699 (W.D.N.Y. 2017) (cleaned up).

Plaintiffs have pointed to the fact that in July 2024, Pfizer provided PRAC an MPA bioavailability analysis, but did not send that analysis to FDA at the same time. 9/29/25 Hr'g Tr. 19:22-20:12. That fact, however, is irrelevant to the preemption inquiry because the analysis revealed no new meningioma risk about Depo-Provera. PRAC solicited the analysis to discern "the risk of meningioma for the lower doses of MPA"—to determine whether a warning was required for *those* products—not to establish the risk for high-dose injectable MPA. Opp. Ex. 33 at -4256649. And the analysis indicated a "weak" meningioma association for low-dose oral MPA, justifying Pfizer's withdrawal of a warning request for those products. *Id.*; Ex. 10 at -7473946. The analysis also suggested an association between high-dose injectable MPA and meningiomas, Opp. Ex. 33 at -4256649, but Pfizer had already given FDA *peer-reviewed observational studies* (a much higher level of evidence) revealing that association, Ex. 8 (PAS) at -46. In any event, even if the analysis revealed some new meningioma risk about Depo-Provera (it did not), the analysis was completed in July 2024. At a minimum, then, claims accruing before July 2024 are preempted.

Date: January 30, 2026        Respectfully submitted,

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (admitted *pro hac vice*)
Jessica B. Rydstrom (admitted *pro hac vice*)
Annie E. Showalter (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel. 202-434-5000
jpetrosinelli@wc.com
jrydstrom@wc.com
ashowalter@wc.com

*Attorneys for Defendants Pfizer Inc., Pharmacia LLC, and Pharmacia & Upjohn Company LLC*

11

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY**, in compliance with the Court's Order dated January 23, 2026, Dkt. 526, that the foregoing document is ten pages in length.

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (admitted *pro hac vice*)
Jessica B. Rydstrom (admitted *pro hac vice*)
Annie E. Showalter (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel. 202-434-5000
jpetrosinelli@wc.com
jrydstrom@wc.com
ashowalter@wc.com

*Attorneys for Defendants Pfizer Inc., Pharmacia LLC, and Pharmacia & Upjohn Company LLC*

12

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of January 2026, a true and correct copy of **Pfizer Inc., Pharmacia LLC, and Pharmacia & Upjohn Co. LLC's Supplemental Brief in Support of Its Motion for Summary Judgment Based on Federal Preemption** was filed electronically with the Clerk of Court and served upon all parties via CM/ECF.

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (admitted *pro hac vice*)
Jessica B. Rydstrom (admitted *pro hac vice*)
Annie E. Showalter (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel. 202-434-5000
jpetrosinelli@wc.com
jrydstrom@wc.com
ashowalter@wc.com

*Attorneys for Defendants Pfizer Inc., Pharmacia LLC, and Pharmacia & Upjohn Company LLC*

13