# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: *All Cases* | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## PFIZER INC., PHARMACIA LLC, AND PHARMACIA & UPJOHN CO. LLC'S SUPPLEMENTAL REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT BASED ON FEDERAL PREEMPTION

**TABLE OF AUTHORITIES**

Page

**CASES**

*In re Fosamax*, 118 F.4th 322 (3d Cir. 2024)...........................................................2

*In re Zofran*, 57 F.4th 327 (1st Cir. 2023) ...........................................................1, 2

*Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. 299 (2019) ..........................1, 2

*Yates v. Ortho-McNeil-Janssen Pharms., Inc.*, 808 F.3d 281 (6th Cir. 2015) ..........3

**REGULATION**

21 C.F.R. § 314.110(a)(1)......................................................................................2

i

## ARGUMENT

FDA's approved label still does not allow Pfizer to say "that Depo-Provera carries an *increased* risk of meningioma for all users." Opp. 12. The fundamental inconsistency between the warning FDA permits and the warning Plaintiffs claim state law requires warrants preemption for all claims.

1. If a "fully informed" FDA "would not have allowed" a meningioma warning before a certain point in time, all claims accruing before then are preempted. *See In re Zofran*, 57 F.4th 327, 342 (1st Cir. 2023); Suppl. Br. 8-9. That rule preempts all claims before July 2024. In February 2024, Pfizer fully informed FDA of the meningioma risk associated with Depo-Provera. Ex. 8. FDA nevertheless rejected a meningioma warning in November 2024. Ex. 9. While FDA later permitted a narrow warning, it did so based on new information that did not exist until July 2024 at the earliest (or September 2024 at the latest). Suppl. Br. 9-10. Thus, the record is clear that FDA "would not" have permitted a warning before July 2024 because it *did not* permit one based on the state of then-existing science.

Plaintiffs' counterarguments fail. *First*, figuring out what FDA would have done before July 2024 does not require "improper" "speculation" (at 9) because clear evidence—a *bona fide* rejection letter—shows that "FDA would not have approved" Plaintiffs' preferred label. *Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. 299, 302 (2019). Plaintiffs (at 3) suggest the CRL does not count because it lacked "the

1

force of law." Every court to consider this argument has correctly rejected it. *E.g.*, *id.* at 316; *In re Fosamax*, 118 F.4th 322, 351 (3d Cir. 2024).

*Second*, Plaintiffs (at 4) argue FDA rejected a warning only because the PAS "was overbroad" and implicated "all progestins." Pfizer never made that monolithic request. It asked for separate and independent changes for *its own* NDAs. Ex. 8 at -1. So if FDA thought Pfizer's request was unwarranted as to some products, it would have denied only those changes. But FDA did not mention overbreadth in its CRL, despite its obligation to "describe all of the specific deficiencies." 21 C.F.R. § 314.110(a)(1). Plaintiffs (at 4) also take the opposite position, arguing the PAS "was too narrow" because it warned only patients with a "history of meningioma." But FDA's final label contains the same limitation. Ex. 30 at -8904790. Necessarily, then, FDA would not have approved the broader warning Plaintiffs seek.

*Third*, Plaintiffs (at 5, 9-10) claim FDA was not "fully informed" when it issued the CRL because the PRAC bioavailability analysis, Griffin study, and PRAC decision all happened before November 2024. But the clear-evidence test measures whether FDA was "fully informed" at the point when a plaintiff's claim accrues, not on the date a CRL issues. *See Zofran*, 57 F.4th at 342; Suppl. Br. 8-9. For claims accruing before July 2024, there's no doubt FDA would have rejected a warning; it *did so* based on the state of then-existing science.

2. In fact, all claims are preempted. Plaintiffs alleged that Pfizer must warn that Depo-Provera increases the risk of meningioma. Suppl. Br. 4-6. FDA expressly rejected that claim. Pfizer can warn *only* that "meningiomas have been reported following repeated administration of [Depo-Provera]." Ex. 30 at -8904779.

Plaintiffs (at 6 & n.3) now shy away from their previous focus on increased risk, *see* Opp. 12, contending they need not specify any precise warning. But even if that is true, Plaintiffs still need to show "that the warning was inadequate." *Yates v. Ortho-McNeil-Janssen Pharms., Inc.*, 808 F.3d 281, 290 (6th Cir. 2015) (citation omitted). And in their briefs, pilot complaints, and expert reports, Plaintiffs identified the supposed inadequacy as a failure to warn of an increased risk of meningioma. Suppl. Br. 4-6.

Plaintiffs (at 6-8) alternatively argue that by approving a warning, FDA must have concluded an increased risk of meningioma exists. In fact, FDA *removed* references to increased risk from Pfizer's proposal, even though Pfizer submitted materials repeatedly stating that epidemiological studies showed an increased risk associated with injectable MPA. Suppl. Br. 5. FDA's observation that "[c]ases of meningioma have been reported following repeated administration" of MPA is in no way equivalent to a disclaimer about increased risk. Ex. 30 at -8904779. It would therefore be impossible for Pfizer both to comply with federal law (as expressed in FDA's final label) and add an increased risk warning under state law.

3

Date: February 27, 2026

Respectfully submitted,

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (admitted *pro hac vice*)
Jessica B. Rydstrom (admitted *pro hac vice*)
Annie E. Showalter (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel. 202-434-5000
jpetrosinelli@wc.com
jrydstrom@wc.com
ashowalter@wc.com

*Attorneys for Defendants Pfizer Inc., Pharmacia*
*LLC, and Pharmacia & Upjohn Company LLC*

4

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY**, in compliance with the Court's Order dated January 23, 2026, Dkt. 526, that the foregoing document is three pages in length.

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (admitted *pro hac vice*)
Jessica B. Rydstrom (admitted *pro hac vice*)
Annie E. Showalter (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel. 202-434-5000
jpetrosinelli@wc.com
jrydstrom@wc.com
ashowalter@wc.com

*Attorneys for Defendants Pfizer Inc., Pharmacia LLC, and Pharmacia & Upjohn Company LLC*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of February 2026, a true and correct copy of **Pfizer Inc., Pharmacia LLC, and Pharmacia & Upjohn Co. LLC's Supplemental Reply in Support of Its Motion for Summary Judgment Based on Federal Preemption** was filed electronically with the Clerk of Court and served upon all parties via CM/ECF.

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (admitted *pro hac vice*)
Jessica B. Rydstrom (admitted *pro hac vice*)
Annie E. Showalter (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel. 202-434-5000
jpetrosinelli@wc.com
jrydstrom@wc.com
ashowalter@wc.com

*Attorneys for Defendants Pfizer Inc., Pharmacia LLC, and Pharmacia & Upjohn Company LLC*

6