**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

|  |  |
|---|---|
| **IN RE DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION** | Case No. 3:25-md-3140 |

**NOTICE OF**
**PLAINTIFFS' OBJECTIONS TO A JOINT RULE 702 HEARING**

Keller Postman ("Objecting Counsel") respectfully files this Notice to inform the Court of State Plaintiffs' Objections to a Joint Rule 702 Hearing filed in *In re Depo-Provera Cases*, C.A. N25C-10-202 DEP, in the Superior Court of the State of Delaware. Objecting Counsel recognizes the unconventional nature of this Notice, given that we do not represent any plaintiffs with a case pending in *In re Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation*, Case No. 3:25-md-3140 (N.D. Fla.).

That is part of the problem. It spotlights the glaring jurisdictional flaw with the Court's proposed joint hearing to determine whether experts can testify in Delaware state court, where Objecting Counsel's cases are pending. Objecting

1

Counsel attach for the Court's consideration Plaintiffs' Objections to a Joint Rule 702 Hearing (Exhibit A) and Reply to Objections to a Joint Rule 702 Hearing (Exhibit D).  Objecting Plaintiffs' objection explains why this Court lacks subject-matter jurisdiction to give audience to state cases in federal court.  Of course, this Court is duty bound to consider its subject matter jurisdiction *sua sponte*.  Because the Court does not have subject matter jurisdiction over Delaware plaintiffs' claims, Objecting Counsel urges this Court to reconsider that joint hearing for all the reasons discussed in the attached.

Objecting Counsel's position is further supported by the briefs submitted by MDL Lead Counsel and Defendants in support of the joint hearing, attached at Exhibits B and C.  Neither Lead Counsel nor Defendants cite any authority for this Court's jurisdiction to hold a *Daubert* hearing affecting Delaware plaintiffs' rights. Instead, those parties rely on manuals, other non-binding resource materials, and cases that held joint hearings without considering whether it was jurisdictionally permissible.  The only case to grapple with the jurisdictional consequences of coordination addressed whether state and federal courts may *communicate* with each other, but clearly (and correctly) noted that to "utilize[] any judicial mechanism which might impinge in any possible fashion on any state court proceeding" "absent a gross imbalance between federal and state interests, would be improper

2

intervention and interference." *Dunlavey v. Takeda Pharms. Am., Inc.*, 2012 WL 3715456, at * 4 (W.D. La. Aug. 23, 2012).

If the Court is disinclined to reconsider holding a joint hearing, Objecting Counsel will ask the Court to consider certifying the question for interlocutory review, as jurisdiction is a controlling question of law, and it is unclear how Objecting Plaintiffs, with cases proceeding in Delaware, could ever appeal the Court's decision to exercise jurisdiction over a joint proceeding to the Eleventh Circuit after final judgment.

 Dated: March 28, 2026

Respectfully submitted,

**KELLER POSTMAN LLC**

*/s/ Ashley Keller*
Ashley Keller
ack@kellerpostman.com
Nicole Berg
ncb@kellerpostman.com
150 N. Riverside Ave., Suite 4100
Chicago, IL 60606
Telephone:  (312) 741-5220
Facsimile: (312) 971-3502

John James Snidow
jj.snidow@kellerpostman.com
John M. Masslon II
john.masslon@kellerpostman.com
1101 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Telephone: (202) 968-0239
Facsimile: (312) 971-3502
*Attorneys for Objecting Plaintiffs*