# EXHIBIT A

**EFiled:  Mar 20 2026 12:45PM EDT**
**Transaction ID 78807833**
**Case No. N25C-10-202 DEP**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| IN RE DEPO-PROVERA LITIGATION | C.A. N25C-10-202 DEP <br><br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFFS' OBJECTIONS TO A JOINT RULE 702 HEARING

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..............................................................................ii

BACKGROUND ...........................................................................................3

ARGUMENT ...............................................................................................6

    I.    The MDL Court Has No Jurisdiction Over Plaintiffs' Claims. ....................6

    II.   This Court May Not Preside Over Plaintiffs' Claims in a Florida Federal Court. ....................................................................................................10

    III.  Jurisdictional Rules Cannot Be Bent To Enhance Efficiency. ....................12

    IV.  Coordination with the MDL Court Must Be Limited. ................................13

    V.   If the Court Holds a Hearing, It Must Follow Delaware Law. ....................15

CONCLUSION ...........................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Actos*,
   No. 12-cv-00064, 2014 WL 107153 (W.D. La. Jan 8, 2014).............................13

*In re Allied-Signal, Inc.*,
   915 F.2d 190 (6th Cir. 1990) ...................................................................7

*Ex Parte Bollman*,
   8 U.S. (1 Cranch) 75 (1807) .....................................................................6

*Bowen v. E.I. Duont de Neours Co.*,
   906 A.2d 787 (Del. 2006)..........................................................................2

*Cohen v. State ex rel. Stewart*,
   89 A.3d 65 (Del. 2014)............................................................................16

*Delafield's Inc. v. Avian Aquatics, Inc.*,
   No. 98A-12-001 HDR, 1999 WL 463814
   (Del. Super. Ct. May 18, 1999) ...............................................................11

*El Paso Nat. Gas Co. v. TransAmerican Nat. Gas Corp.*,
   669 A.2d 36 (Del. 1995).............................................................................8

*Evans v. State*,
   872 A.2d 539 (Del. 2005)..........................................................................11

*In re Genetically Modified Rice Litig.*,
   764 F.3d 864 (8th Cir. 2014) .....................................................................7

*In re Hair Relaxer Mktg. Sales Pracs. & Prods. Liab. Litig.*,
   No. 23-cv-0818, 2024 WL 3904650 (N.D. Ill. Aug. 22, 2024)..........................7

*House of Style Furniture Corp. v. Scronce*,
   235 S.E.2d 258 (N.C. Ct. App. 1977), *abrogated in part by* N.C. R.
   Civ. P. 7(b)(4)........................................................................................11

*In re Incretin-Based Therapies Prods. Liab. Litig.*,
   13-md-2452-AJB-MDD, Dkt. No. 1306 (S.D., Cal. Aug. 12, 2015) .................15

## TABLE OF AUTHORITIES
(cont'd)

**Page(s)**

*Johnson v. NPAS Sols., LLC*,
  975 F.3d 1244 (11th Cir. 2020) ................................................................10, 15

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) .......................................................................................6

*Mathes v. Gen. Motors, L.L.C.*,
  No. CL12001623–00, 2015 WL 13567738
  (Va. Cir. Sept. 4, 2015).........................................................................7, 14, 15

*In re Neurontin Prod. Liab. Litig.*,
  No. 117852/04, 2009 WL 1979936 (N.Y. Sup. Ct. May 15, 2009) ...................15

*Royal Canin U.S.A., Inc. v. Wullschleger*,
  604 U.S. 22 (2025) ...............................................................................8, 9, 10

*Salzberg v. Sciabacucchi*,
  227 A.3d 102 (Del. 2020)...........................................................................12, 14

*Scottoline v. Women First, LLC*,
  342 A.3d 373 (Del. 2025)..................................................................................2

*In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig. II*,
  953 F.2d 162 (4th Cir. 1992) ............................................................................7

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ..........................................................................................9

*Strawbridge v. Curtiss*,
  7 U.S. (1 Cranch) 267 (1806) ..........................................................................8

*Univ. of S. Ala. v. Am. Tobacco Co.*,
  168 F.3d 405 (11th Cir. 1999).......................................................................7, 8

*In re Williams Cos. S'holder Litig.*,
  No 11236-VCN, 2016 WL 197177 (Del. Ch. Jan. 13, 2016)............................14

*Yovino v. Rizo*,
  586 U.S. 181 (2019) (per curiam) ...................................................................13

# TABLE OF AUTHORITIES
(cont'd)

**Page(s)**

**Constitutional Provision**

Del. Const. art. IV, § 16...................................................................................11

**Statutes**

10 *Del. C.* § 541............................................................................................11

28 U.S.C.
  § 1331 ....................................................................................................8
  § 1332 ....................................................................................................8
  § 1407 ....................................................................................................7
  § 1441 ....................................................................................................8

**Rules**

Fed. R. Civ. P. 77(b)......................................................................................11

Super. Ct. Civ. R. 42..................................................................................12, 14

**Other Authorities**

Henry Ford & Samuel Crowther, *My Life and Work*
  (1922) ...................................................................................................16

*Legal Jurisdiction*, Del. Cts. Jud. Branch,
  https://courts.delaware.gov/superior/aboutus/jurisdiction................................11

M. Levy, *Visiting Judges*, 107 Cal. L. Rev. 67 (Feb. 2019),
  https://www.californialawreview.org/print/visiting-judges ...............................11

Plaintiffs represented by Keller Postman, Matthews & Associates, and Pulaski Kherkher, PLLC filed claims against Delaware defendants in Delaware state court. Those claims sound in state law. Several plaintiffs are citizens of Delaware[1]; those plaintiffs could not have filed their cases in federal court because that court has no subject matter jurisdiction over their claims. The federal court lacks jurisdiction over the remaining plaintiffs because their cases are pending in Delaware *state* court, have not been removed, and are unremovable under both the forum defendant rule and the 30-day time bar. Federal district courts are creatures of written law and derive their jurisdiction from written law. Without a statutory basis for jurisdiction, the federal court cannot wield judicial power. That, of course, includes presiding over any aspect of a case, whether that be a trial, a status hearing, or an evidentiary hearing to determine whether experts will be permitted to offer testimony.

Likewise, a hearing in a Florida federal court to determine Delaware state-court plaintiffs' rights would exceed the bounds of *this* Court's jurisdiction, which is limited to overseeing cases in Delaware. There is no authority for this Court to hold any hearing outside the geographic limitations of the Court's appointment.

These principles are normally unchallenged: cases brought in federal court are adjudicated in federal court; cases brought in state court are decided in that state

---

[1] The Delaware plaintiffs are Tammy Costello, Case No. N25C-10-128-KMV; Shelly Lefort, Case No. N25C-08-031-KMV; and Suhail Abrahams, Case No. N26C-01-495-DEP.

1

court.  And that is exactly what Plaintiffs expected when they filed their cases here.

Yet that is not what is being proposed now.  Instead, the Court has indicated it plans

to hold a joint hearing on the admissibility of experts in this litigation in a *federal*

court in a *different* state, presided over jointly by Your Honor, a *federal* judge, and

a *New York state* judge: "What I said was we are having a hearing;"[2] "the hearing

will be held in Florida;"[3] "[a]nd I will be there live and in person."[4]

That proposal is *ultra vires*.  Only this Court has jurisdiction to resolve these

plaintiffs' cases.  And this Court must give audience on the merits only *in* this court,

sited in the sovereign state that created this Court's tribunal.  Delaware Rule of

Evidence 702 "imposes a special obligation upon a trial judge to ensure that any and

all scientific testimony is not only relevant, but reliable."[5]  It casts a Delaware court

in the role of gatekeeper to determine whether a party's expert offers admissible

testimony.[6]  A Rule 702 motion is a substantive motion in limine that goes to the

*merits* of a case and is often case dispositive.[7]

So to resolve a Rule 702 motion, as with any other merits issue, a court must

possess jurisdiction.  As should be axiomatic, when a court holds a hearing on a Rule

---

[2] *In re Depo-Provera Cases*, C.A. No. N25C-10-202, at 23:18–19 (Del. Super. Ct. Mar. 11, 2026) (Vavala, J.) (TRANSCRIPT).
[3] *Id.* at 25:8.
[4] *Id.* at 20:14–16.
[5] *Bowen v. E.I. Duont de Neours Co.*, 906 A.2d 787, 794 (Del. 2006) (cleaned up).
[6] *Id.*
[7] *Id.* at 795; *Scottoline v. Women First, LLC*, 342 A.3d 373 (Del. 2025).

2

702 motion, the cases are *in*—literally and legally—the actual courthouse where the motion is argued or the evidence presented.  The attorneys for specific parties, the movant and the opponent, are participating in argument to try to persuade the judge with judicial power to issue a ruling in their clients' favor.  If the Court holds a Rule 702 hearing *in* a Florida federal court, there is no escaping that Plaintiffs' cases will be *in* that federal court.  But they cannot lawfully be there, because that tribunal lacks subject matter jurisdiction.  That a Delaware judge purports to jointly preside over the hearing does not change that the cases are, even if temporarily, *in* federal court.

The Court, of course, has discretion to not hold a Rule 702 hearing at all.  But the discretion to decide a Rule 702 motion on the papers is not a license to put Plaintiffs to the "Hobson's choice" of either having an entirely one-sided oral argument where only defense counsel speaks or travelling to a distant tribunal to make arguments before Your Honor *and* other judges in a court that lacks judicial power over Delaware cases.  The Court can lawfully choose to forgo a hearing. It cannot choose to hold a lawless hearing.

## BACKGROUND

Plaintiffs filed their cases in Delaware state court beginning in August 2025. Before Defendants answered or otherwise responded to Plaintiffs' complaints, and before Plaintiffs served a single discovery request, the Court issued Case

3

Management Order No. 1 ("CMO No. 1") on November 18, 2025 (as amended on December 10, 2025). In the spirit of coordination, the Court gave Plaintiffs one month to complete "[s]upplemental general causation fact discovery," and ordered Plaintiffs to serve general causation expert reports on January 2, 2026.[8] Per CMO No. 1, Defendants' experts' reports were due on February 9, 2026, and the Court provided a schedule for briefing Rule 702 motions. Neither CMO No. 1 nor any other Order in this case includes a hearing date for Rule 702 motions.

During a case management conference in a *different* case, in front of a *different* judge, in a *federal* court ("MDL Court"), the MDL Court sought to coordinate calendars for a joint *Daubert* hearing in that court with Justice Kraus (New York state judge) and Your Honor.[9] The MDL parties filed a Joint Update and Proposed Agenda in the MDL Court on January 20, 2026, providing the schedule in Delaware, including the dates of the expert reports and Rule 702 motions.[10] The Update was silent on a hearing date as one had not yet been set by this Court.[11] The MDL parties filed another Joint Update in the MDL Court on

---

[8] CMO No. 1. As part of CMO No. 1, the Court deemed that discovery produced by Defendants to Plaintiffs' counsel in other litigation was necessarily produced to Plaintiffs too.

[9] *In re: Depo-Provera (Depot Medroxyprogesterone Acetate) Prods. Liab. Litig.*, No. 3:25-md-3140-MCR-HTC, MDL Case Mgmt. Conf. Tr. at 34–35 (N.D. Fla. Dec. 19, 2025) (Rogers, J.) (TRANSCRIPT).

[10] *Id.*, MDL Dkt. No. 523 (N.D. Fla. Jan. 27, 2026) (joint filing by parties providing Delaware schedule).

[11] *See id.*

March 2, 2026, in which the MDL parties stated: "The Court has scheduled a hearing on any Delaware Rule 702 motions for May 26 through 28, 2026."[12]  That Update was filed in this Court on March 2.  Plaintiffs submitted a letter to the Court on March 6, noting their objection to any joint hearing with the MDL Court and requesting a conference.

On March 11, 2026, the Court held a conference to discuss Plaintiffs' objection.  Plaintiffs raised four arguments in opposition to the joint hearing. Plaintiffs' practical objections are that the proposed hearing is scheduled to occur before any Rule 702 replies,[13] and that any hearing involving evaluating witness credibility should be made in person.  The Court dispensed with both objections, noting it could change the dates of the reply briefs and would be in person at any hearing.[14]  Plaintiffs also argued that this Court did not have authority to compel Plaintiffs or their counsel to appear anywhere other than a Delaware courtroom, and that the federal court has no subject matter jurisdiction to participate in a proceeding involving Delaware state plaintiffs.  The Court agreed that it would not compel

---

[12] *Id.*, MDL Dkt. No. 567 at 2.

[13] The Court assumed that only Defendants would file Rule 702 motions and thus only Defendants would have a reply.  But Plaintiffs intend to move against Defendants' experts too, and object to a shorter reply deadline.

[14] *In re Depo-Provera* Cases, C.A. No. N25C-10-202, at 18:10–23:1 (Del. Super. Ct. Mar. 11, 2026) (Vavala, J.) (TRANSCRIPT).

5

Plaintiffs to attend a hearing outside of Delaware.[15]  And stated that "[o]bviously all of the rulings and all of the determinations here would be made by me.  And they are separate and discrete."[16]  The Court confirmed that "What I said was we are having a hearing;"[17] "the hearing will be held in Florida;"[18] "[a]nd I will be there live and in person."[19]  The Court invited Plaintiffs to file this opposition.

## ARGUMENT

### I.    The MDL Court Has No Jurisdiction Over Plaintiffs' Claims.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[20]  Because federal courts derive their existence and their power from written law, they must strictly follow the jurisdictional limits imposed by Congress.[21] "[W]hen a federal court acts outside its statutory subject-matter jurisdiction, it

---

[15] *See id.* at 23:18-22 ("Your client is not required or you are not required to attend that hearing. So there's no compulsion by this court requiring you to attend a hearing in Florida.").

[16] *Id.* at 27:23–28:2.

[17] *Id.* at 23:19.

[18] *Id.* at 25:8.

[19] *Id.* at 20:14-16.

[20] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[21] *Ex Parte Bollman*, 8 U.S. (1 Cranch) 75, 93 (1807) ("[Federal] courts are created by written law and, . . . cannot transcend that jurisdiction.").

violates the fundamental constitutional precept of limited federal power."[22]  Without

subject matter jurisdiction, federal courts are "powerless to act."[23]

The federal MDL statute is *procedural* only.  It does not enlarge a federal

court's jurisdiction.  "The authority for consolidating cases on the order of the

judicial panel on multi-district litigation [] is merely procedural and does not expand

the jurisdiction of the district court to which the cases are transferred."[24]  "As in any

other case, a transferee court's jurisdiction in multi-district litigation is limited to

cases and controversies between persons who are properly parties to the cases

transferred."[25]  There is certainly nothing in 28 U.S.C. § 1407 that authorizes a

federal court to hear non-removed cases pending in state court simply because the

state plaintiffs allege a similar theory as the cases in the MDL.

---

[22] *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999); *In re Allied-Signal, Inc.*, 915 F.2d 190, 192–93 (6th Cir. 1990) (vacating lower court order purporting to bind litigants in other jurisdictions and rejecting "continued attempts to act beyond [the court's] jurisdiction").

[23] *Univ. of S. Ala.*, 168 F.3d at 410.

[24] *In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig. II*, 953 F.2d 162, 165 (4th Cir. 1992).

[25] *Id.* at 165–66; *see also In re Genetically Modified Rice Litig.*, 764 F.3d 864, 874 (8th Cir. 2014) ("[T]he district court overseeing the MDL does not have authority over separate disputes between state-court *plaintiffs* and [the defendant]."); *In re Hair Relaxer Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 23-cv-0818,  2024 WL 3904650, at *2 (N.D. Ill. Aug. 22, 2024) ("The Court's jurisdiction does not extend to cases that are not actually before it . . . ."); *Mathes v. Gen. Motors, L.L.C.*, No. CL12001623–00, 2015 WL 13567738, at *2 (Va. Cir. Sept. 4, 2015) ("[T]he express language of the governing federal statute limits the reach of MDL Courts to pending federal cases.").

Federal statutory jurisdiction is generally limited to (1) cases involving questions of federal law or (2) controversies where complete diversity exists between the parties.[26]  Even when complete diversity exists, if a case is filed in state court, a federal court may only acquire subject matter jurisdiction if a defendant properly removes the case pursuant to 28 U.S.C. § 1441.  State-court cases cannot be removed if the plaintiff has properly joined and served an in-state defendant,[27] or if more than 30 days has elapsed since service of the complaint.[28]

Nobody can argue that the Northern District of Florida has jurisdiction over Plaintiffs' cases.  Plaintiffs filed their cases in Delaware state court.  Several plaintiffs are citizens of Delaware and so is Pfizer, so there is no complete diversity over the parties.  And Pfizer has not even *attempted* to invoke the removal statute for any plaintiff.  Nor could it.  Plaintiffs filed claims against Pfizer in its home state, so the cases are not removable under the forum defendant rule.  And Pfizer is well past the 30-day deadline imposed by federal law to invoke removal jurisdiction. Plaintiffs' cases are not, *and cannot lawfully be,* in federal court.[29]  "Without

---

[26] *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025); 28 U.S.C. §§ 1331, 1332; *see also Strawbridge v. Curtiss*, 7 U.S. (1 Cranch) 267, 267 (1806) (construing diversity statute to require complete diversity).
[27] 28 U.S.C. § 1441(b)(2).
[28] *Id.* § 1446(b)(1).
[29] The lack of subject matter jurisdiction "cannot be waived or otherwise conferred upon the court by the parties," *Univ. of S. Ala.*, 168 F.3d at 410, so it is irrelevant that *other* parties consent to a joint hearing or that other judges in other cases have allowed joint proceedings.  *See also El Paso Nat. Gas Co. v. TransAmerican Nat.*

jurisdiction the [federal] court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."[30]  Because the MDL Court is without jurisdiction, it is "powerless to act" over state-court plaintiffs, and it may not participate in *any* proceeding that affects state-court plaintiffs' substantive rights.

But this Court has signaled its intent to put Plaintiffs' cases in federal court. A hearing on the merits of any Delaware Rule 702 motions that physically occurs *in* Pensacola, *in* the MDL Court's courtroom, is the literal embodiment of placing Plaintiffs' cases *in* a federal tribunal that unquestionably *lacks* judicial power.  The Court has suggested that it might sidestep this glaring problem by erecting a highly permeable Chinese Wall during a joint proceeding: "Obviously all of the rulings and all of the determinations here would be made by me.  And they are separate and discrete."[31]  Even if that were possible (and it is not), it does not cure the jurisdictional problem.  These cases cannot lawfully be *in* federal court, no matter

---

*Gas Corp.*, 669 A.2d 36, 39 (Del. 1995) ("It is a cardinal principle of the law that jurisdiction of a court over the subject matter cannot be conferred by consent or agreement." (quotation omitted)); *Royal Canin*, 604 U.S. at 42 ("This Court has often stated that drive-by jurisdictional rulings—asserting or denying jurisdiction without elaboration, or analysis of whether anything turned on the ruling—should be accorded no precedential effect." (cleaned up)).

[30] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[31] *In re Depo-Provera* Cases, C.A. No. N25C-10-202, at 27:23–28:2 (Del. Super. Ct. Mar. 11, 2026) (Vavala, J.) (TRANSCRIPT).

who is ultimately making the decisions or how compartmentalized the Court promises the adjudicative process will be.

Lead MDL counsel previewed at the hearing that he would submit an opposition detailing prior instances where this sort of hearing occurred.[32]  What he (and Defendants) will be unable to do is point to *any* decision where a court grappled with the substance of Plaintiffs' objections and found them without merit.  What Mr. Seeger will do instead is point to a few examples where courts, *over no objection and with no analysis of the jurisdictional consequences,* conducted joint hearings of the sort this Court is contemplating.  But "drive-by jurisdictional rulings" have *zero* precedential value.[33]  The MDL court is seated in the federal Eleventh Circuit, which recently noted, ubiquity may be "a product of inertia and inattention, not adherence to law."[34]  It does not appear that any courts have "paused to consider the legal authority,"[35] for holding joint hearings across state and federal lines; this Court should not make the same mistake.

II.    **This Court May Not Preside Over Plaintiffs' Claims in a Florida Federal Court.**

Just like federal courts, a Delaware court's jurisdiction is bounded: "The power of a court is, of course, derived from the law of the land, and it must be

---

[32] *Id.* at 29:22–30:5.
[33] *Royal Canin*, 604 U.S. at 42.
[34] *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1259 (11th Cir. 2020).
[35] *Id.*

10

exercised in the mode and manner prescribed by that law."[36]  Delaware state courts

derive their power from the Delaware Constitution.[37]  That power is limited to the

*geographic* boundaries of the State of Delaware: "The jurisdiction of each of the

aforesaid courts shall be coextensive with the State."[38]  To state the obvious, Florida

is not "coextensive" with Delaware.

Delaware has no rule of procedure that allows a Delaware state judge to visit

another court in another state, even temporarily.[39]  And there is no rule that allows a

Delaware state judge to hold a "coordinated" proceeding with another court outside

---

[36] *Delafield's Inc. v. Avian Aquatics, Inc.*, No. 98A-12-001 HDR, 1999 WL 463814, at *2 (Del. Super. Ct. May 18, 1999).

[37] *See Evans v. State*, 872 A.2d 539, 548 (Del. 2005); 10 *Del. C.* § 541 ("The Superior Court shall have such jurisdiction as the Constitution and laws of this State confer upon it.").

[38] Del. Const. art. IV, § 16; *see also Legal Jurisdiction*, Del. Cts. Jud. Branch, https://courts.delaware.gov/superior/aboutus/jurisdiction [https://perma.cc/Y3AK-FPCN] (last visited Mar. 17, 2026)  ("Superior Court has statewide original jurisdiction over criminal and civil cases.").  Federal judges are permitted to sit on other federal courts, since the relevant sovereign is the United States and the relevant geography is thus the Nation.  *See generally* M. Levy, *Visiting Judges*, 107 Cal. L. Rev. 67 (Feb. 2019), https://www.californialawreview.org/print/visiting-judges [https://perma.cc/R4RK-22Y4] (discussing how Congress authorizes visiting arrangements).

[39] *Cf.* Fed. R. Civ. P. 77(b) (providing that "no hearing [] may be conducted outside the district unless all the affected parties consent").  Some states permit their state-court judges to hold hearings outside of their normal court location, but only with the *consent of the parties*.  *See, e.g.*, *House of Style Furniture Corp. v. Scronce*, 235 S.E.2d 258, 260 (N.C. Ct. App. 1977) ("[I]t is the uniform holding in this jurisdiction that, except by consent, or unless authorized by statute, a judge of the Superior Court, even in his own district, has no authority to hear a cause or to make an order substantially affecting the rights of the parties, outside the county in which the action is pending."), *abrogated in part by* N.C. R. Civ. P. 7(b)(4) (allowing hearing in another in-state county with permission of senior superior court judge).

11

of its jurisdiction (even when professing to make independent decisions).[40]  Even if this Court could create the Chinese Wall suggested at the March 11 hearing, the Court is not allowed to build that wall in Florida.

### III.    Jurisdictional Rules Cannot Be Bent To Enhance Efficiency.

These jurisdictional rules exist for good reason.  The power to bind parties to a judgment is an awesome responsibility.  Judicial decrees are respected precisely because the people of the United States and Delaware know that judicial power is wielded only by tribunals with constitutional and statutory authority to act.  Skirting those limits in the name of "coordination" or "efficiency" will only undermine confidence in the judiciary.  The Court claims that the joint hearing in Pensacola will not impact the Court's sole authority to decide the Plaintiffs' cases.  But the very nature of a joint hearing in a distant tribunal the Court has no connection to undermines confidence in that assurance.

During the hearing, presided over by three judges acting as judges, which judge rules on objections?  Do all three write down their answers so they aren't swayed by the others?  Do they confer on responses before ruling?  What if one judge sustains an objection and two judges overrule it?  Does the judge who

---

[40] *See* Super. Ct. Civ. R. 42 ("When actions involving a common question of law or fact *are pending before the Court*, it may order a joint hearing or trial of any or all the matters in issue." (emphasis added)); *Salzberg v. Sciabacucchi*, 227 A.3d 102, 115 (Del. 2020).

sustained muffle her ears while the other two hear the answer that they ruled admissible? What if a judge has questions for the parties or witnesses? Are the answers fair game in any jurisdiction? Or just for the judge who asked the question? If it's a good question, does each judge need to ask it separately? This Court should not engage in demonstrable fictions. These are but a few examples of how a joint hearing in a distant tribunal on Rule 702 motions will involve joint influence from two non-Delaware judges on the outcome of Plaintiffs' cases. Those judges have no right or authority to participate in the judicial process for these plaintiffs. And, respectfully, this Court has no right to invite them to do so.[41]

## IV. Coordination with the MDL Court Must Be Limited.

While recognizing the "costs and inefficiencies of multiple cases being litigated simultaneously," the Delaware Supreme Court has confirmed that "no procedural mechanism is available to consolidate or coordinate multiple suits in state

---

[41] *See Yovino v. Rizo*, 586 U.S. 181, 185 (2019) (per curiam) (vacating and remanding decision that included vote by deceased judge that was "without power to participate" in court's decision). The result would be the same even if this Court participated remotely in the joint hearing from Delaware. Federal Rules of Civil Procedure 43 and 45 "embrace and address the concept of appearance at 'trial' to include contemporaneous live transmission from another location at the location of the Court." *In re Actos*, No. 12-cv-00064, 2014 WL 107153, at *9 (W.D. La. Jan 8, 2014). "[C]ontemporaneous transmission is now equally incorporated as proper trial procedure and an acceptable means of appearing at court and trial . . . ." *Id.* In other words, participating by Zoom puts plaintiffs' cases *in* federal court as a matter of federal procedural law.

13

and federal court."[42]   In CMO No. 1, the Court ordered that the "Depo-Provera

Actions shall be coordinated for all common purposes as much as practicable, but

shall be tried individually."  To comply with this state's laws, however, "as much as

practicable" must be limited to, for example, coordinating schedules, avoiding

overlapping discovery, and keeping abreast of what is happening in other

jurisdictions.  It *cannot* include joint presiding judicial officers of key dispositive

motions in distant courthouses.[43]

*Mathes v. General Motors* is directly on point.[44]  In that case, the defendant

urged (over the plaintiff's objection) the state court to adopt a joint coordination

order authored by the MDL judge to transfer discovery issues to the MDL court.

The Virginia state court found that although Virginia recognized the "virtue of

coordinating efforts among courts," that "power does not extend to interactions

between the Commonwealth and the United States."[45]  The court further found that

although it had the power to consolidate cases pending in front of it, it lacked the

---

[42] *Salzberg*, 227 A.3d at 115; *see also* Super. Ct. Civ. R. 42 ("When actions involving a common question of law or fact *are pending before the Court*, it may order a joint hearing or trial of any or all the matters in issue." (emphasis added)).

[43] *See In re Williams Cos. S'holder Litig.*, No 11236-VCN, 2016 WL 197177, at *3 (Del. Ch. Jan. 13, 2016) (distinguishing coordination of discovery efforts from consolidation).

[44] 2015 WL 13567738.

[45] *Id.* at *2.

authority to require an "objecting party to participate in a proceeding entirely foreign to the court in which the case is pending."[46]

The issue of coordination is of course a different question when the parties consent.[47] But Plaintiffs do not consent to any hearing outside of the State of Delaware, and they certainly do not consent to a joint hearing in a court that does not have jurisdiction over their claims.[48] Defendants can point to no cases where a court ordered a coordinated proceeding over a party's objection.[49] "The fact that [other] courts approved the course the parties embraced simply is not authority for the Court to impose the result [Pfizer] seeks on the reluctant plaintiff[s]."[50]

## V.    If the Court Holds a Hearing, It Must Follow Delaware Law.

The Court is correct that it has discretion to not hold a Rule 702 hearing at all; it may decide the issues on the papers. But the power to avoid a hearing altogether

---

[46] *Id.* at *3.

[47] *See Mathes*, 2015 WL 13567738, at *3 (distinguishing states that "freely participated in the coordination of state and federal discovery" because "the order was one to which the parties agreed"). Though consent might address any problems with *this* Court's jurisdiction, consent is not a basis to place these cases within the *federal* court's jurisdiction.

[48] *See supra* Section I.

[49] *See, e.g.*, *In re Incretin-Based Therapies Prods. Liab. Litig.*, 13-md-2452-AJB-MDD, Dkt. No. 1306 (S.D., Cal. Aug. 12, 2015) ("The parties have *agreed* to conduct joint oral argument regarding the pending motions for summary judgment in these proceedings and Defendants' motion for summary judgment in the Judicial Counsel Coordinated Proceedings ('JCCP')."); *In re Neurontin Prod. Liab. Litig.*, No. 117852/04, 2009 WL 1979936, at *1 n.1 (N.Y. Sup. Ct. May 15, 2009) (noting that "the federal and state courts conferred on the issues raised in the Frye/Daubert hearing," "with the knowledge and *consent* of the parties").

[50] *Mathes*, 2015 WL 13567738, at *4; *see also Johnson*, 975 F.3d at 1259.

does not include the power to hold a deeply unfair and prejudicial hearing and then pretend that this one-sided presentation of law and fact is Plaintiffs' own *choice.* The Court stated at the March 11 status conference: "I'm certainly not going to enter a default against you for not appearing as I would be at liberty to do in this jurisdiction. But as I said with the case management conferences, should you wish not to appear and not to participate in that process, I'm not going to hold that as a default against you, and I will consider anything that you file on the papers consistent with our rules."[51]  In other words, Plaintiffs will not suffer a default judgment for not sending their lawyers to argue in a courthouse 1,000 miles away from this Court, which is the only tribunal where their cases are lawfully pending.  But Plaintiffs will suffer the prejudice of an entirely one-sided presentation of law and fact from Pfizer's counsel, on the ground that this is somehow Plaintiffs' *own choice.*

Respectfully, that is as much of a choice as customers had over the color of their Model Ts.[52]  If the Court holds a hearing, it must follow Delaware law and rules, and it must comply with the Due Process Clause.[53]  Inherent in the opportunity

---

[51] *In re Depo-Provera Cases*, C.A. No. N25C-10-202, at 22:11–23 (Del. Super. Ct. Mar. 11, 2026) (Vavala, J.) (TRANSCRIPT).

[52] Henry Ford told his salesmen: "Any customer can have a car painted any color he wants so long as it is black."  Henry Ford & Samuel Crowther, *My Life and Work* (1922).

[53] *See Cohen v. State ex rel. Stewart*, 89 A.3d 65, 86–87 (Del. 2014) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (cleaned up)).

to be heard is that the opportunity will arise in the tribunal with actual, adjudicatory authority over the dispute. It would be deeply unfair and prejudicial to Plaintiffs to hold a hearing in Florida, proclaim that the hearing is "voluntary," and then entertain argument from only one side. On the Court's logic, it could claim that because it has the power to not hold a hearing at all, it similarly has the power to hold a "voluntary" hearing in Alaska. Or Paris. Or at Pfizer's headquarters. And if Pfizer is willing to hold court in its C Suite or atop the Eiffel Tower while Plaintiffs are only prepared to argue in a Delaware courtroom, it is somehow Plaintiffs' "free choice" that the Court will hear from one side. Plaintiffs instead choose to object to this obvious charade.

## CONCLUSION

For all of these reasons, Plaintiffs urge this Court to not hold a joint hearing on the exclusion of expert testimony in this case.

Dated: March 20, 2026

Respectfully submitted,

**COLLINS PRICE WARNER WOLOSHIN**

*/s/ Raeann Warner*
Collins Price & Warner
Raeann Warner,
Esquire (I.D. 4931)
8 East 13th Street
Wilmington, DE 19801
Telephone: (302) 655-4600

17

**RHOADES & MORROW LLC**

*/s/ Joseph J. Rhoades*
Rhoades & Morrow LLC
Joseph J. Rhoades, Esquire (I.D. 2064)
Stephen T. Morrow, Esquire (I.D. 4891)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 427-9500

**KELLER POSTMAN LLC**
Ashley Keller, Esquire (*pro hac vice*)
ack@kellerpostman.com
Nicole Berg, Esquire (*pro hac vice*)
ncb@kellerpostman.com
150 N. Riverside Ave., Suite 4100
Chicago, IL 60606
Telephone:  (312) 741-5220
Facsimile: (312) 971-3502

**KELLER POSTMAN LLC**
John James Snidow, Esquire (*pro hac vice*)
jj.snidow@kellerpostman.com
John M. Masslon II, Esquire (*pro hac vice*)
john.masslon@kellerpostman.com
1101 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Telephone: (202) 968-0239
Facsimile: (312) 971-3502

**PULASKI KHERKHER, PLLC**
Adam Pulaski  (*pro hac vice*)
2925 Richmond Ave., Suite 1725
Houston, TX 77098
Phone: (713) 664-4555

**MATTHEWS & ASSOCIATES**
David P. Matthews (Pro Hac Vice)

18

Mark E. Chavez (Pro Hac Vice)
2905 Sackett Street
Houston, Texas 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7132

*Attorneys for Plaintiffs*

19