# EXHIBIT D

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |
|---|---|
| IN RE DEPO-PROVERA LITIGATION | C.A. N25C-10-202 DEP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' REPLY TO**
**OBJECTIONS TO A JOINT RULE 702 HEARING**

Plaintiffs represented by Keller Postman, Matthews & Associates, and Pulaski Kherkher, PLLC ("Objecting Plaintiffs") submit this reply in response to the Brief in Support of this Court's Participation in Joint Hearing on the Admissibility of Expert Testimony, filed by Non-Objecting Plaintiffs, and Defendants' Brief in Support of a Joint Rule 702 Hearing.

The parties in support of a joint hearing miss the mark. The MDL Court lacks jurisdiction over Objecting Plaintiffs' *claims* and cannot preside over any substantive proceeding in their cases. This Court lacks authority to hold a hearing involving Objecting Plaintiffs' claims outside of the State of Delaware. No party has provided *any authority* for such jurisdiction when it has been litigated (as it is being here). They simply duck the issue by offering the *uncontested* truism that "coordination" is permitted. But "coordination" is not a magic word that allows whatever the Court thinks will enhance efficiency pursuant to its "inherent authority." The Court should decline to hold a joint hearing for at least four reasons.

***First***, as explained in Objecting Plaintiffs' Objection to a Joint Rule 702 Hearing, that *other* courts permitted joint hearings does not create jurisdiction: "drive-by jurisdictional rulings" have *zero* precedential value,[1] and ubiquity may be "a product of inertia and inattention, not adherence to law."[2] That other courts have

---

[1] *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 at 42 (2025).
[2] *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1259 (11th Cir. 2020).

not "paused to consider the legal authority"[3] for holding joint hearings across state and federal lines is no reason to not do so here.  It hardly matters that *NPAS* was a decision about service awards.  The overarching point—that Courts should not just blindly follow other tribunals that have *never considered* a question—remains unrebutted because it is un-rebuttable.

The only case that appears to grapple with the jurisdictional consequences of coordination is *Dunlavey v. Takeda Pharmaceuticals America, Inc.*,[4] cited by both Non-Objecting Plaintiffs and Defendants. In that case, however, the plaintiffs objected to the state and federal courts *communicating* with each other.  The court found that level of coordination—"telephone calls, and email communications to exchange information about scheduling and to coordinate discovery and other procedural matters"—was entirely appropriate.[5]  But the court clearly (and correctly) noted that to "utilize[] any judicial mechanism which might impinge in any possible fashion on any state court proceeding" "absent a gross imbalance between federal and state interests, would be improper intervention and interference."[6]  Objecting Plaintiffs do not claim that a phone call between this Court and the MDL Court violates any jurisdictional rule.  The same goes for coordinating

---

[3] *Id.*
[4] 2012 WL 3715456, at * 4 (W.D. La. Aug. 23, 2012).
[5] *Id.* at *3.
[6] *Id.* at *4.

2

schedules to avoid conflict. Holding a joint merits hearing in the MDL Courtroom, however, with the MDL judge jointly presiding, most certainly *does* violate jurisdictional rules. *That* is the "judicial mechanism" (Rule 702 hearing in federal court) that will "impinge" on the "state court proceeding" and "would be improper intervention and interference."[7]

Defendants tempt the Court to err (Def. Br. at 13) by claiming that the Delaware Supreme Court has *affirmed* the coordination proceedings contemplated here. That is demonstrably false. An order stating "the application for interlocutory review does not meet the strict standards for certification under Rule 42(b),"[8] is hardly tantamount to an affirmance. It is simply a refusal to address the merits in an interlocutory posture and under a discretionary standard. Plaintiffs may yet prevail following an appeal after final judgment, and the Rule 42(b) decision will have no precedential impact of any kind.

*Second*, the physical location of the judicial proceeding matters for two separate reasons. This Court's jurisdiction is limited to the State of Delaware. Objecting Plaintiffs do not argue that *this Court* would lack jurisdiction to attend a hearing by zoom while sitting in chambers in Delaware. But a joint hearing has, by

---

[7] *Id.*; *see also In re Williams Cos. S'holder Litig.*, No 11236-VCN, 2016 WL 197177, at *3 (Del. Ch. Jan. 13, 2016) (distinguishing coordination of discovery efforts from consolidation).
[8] *In re Depo-Provera Litig.*, No. 513, 2025, 2026 WL 523050, at *2 (Del. Feb. 25, 2026).

definition, more than one judge.  And the other judge proposed in this joint hearing is a federal judge who sits in federal court.  Any hearing that takes place *in* that federal court in front of that federal judge is jurisdictionally improper (even if this Court attends by zoom).

That is an entirely different situation than the hypothetical posed by Defendants (Def. Br. at 12), involving a flood in state court requiring a hearing in another building *in Delaware* presided over by a *Delaware* judge.  Here, the Court is going to Florida to attend a judicial proceeding in a federal court with a federal judge presiding over the hearing.  That is not permitted.

***Third***, efficiency cannot trump jurisdiction.  This Court and the MDL court are not considering the same issue; it is not the role of the courts to determine "whether and under what circumstances Depo-Provera could cause the development of meningioma."  (Def. Br. at 1.)  The focus of a Rule 702 analysis is "not on the expert's resultant conclusions."[9]  Instead, it is the Court's role to determine whether the experts meet the threshold requirements to offer evidence in this case.[10]  *Daubert* is not an invitation for judicial factfinding.  It is instead an inquiry about what kind of testimony is admissible, an inquiry that must proceed opinion-by-opinion, method-by-method, expert-by-expert.

---

[9] *Bowen v. E.I. Duont de Neours Co.*, 906 A.2d 787, 794 (Del. 2006).
[10] *Id.*

Here, while there is some overlap between the experts, it is not true that there are "substantially the same experts." (Def. Br. at 1.) Objecting Plaintiffs submitted no expert reports in the MDL because they have no cases there. It is also irrelevant that Objecting Plaintiffs' experts followed the same methodology or cite the same literature as Non-Objecting Plaintiffs (Def. Br. at 6); the Court must determine whether each expert *reliably applied* his or her methods. That is an analysis that must be done expert-by-expert.

It is also irrelevant that requiring separate hearings might inconvenience Non-Objecting Plaintiffs, Defendants, or the experts. Non-Objecting Plaintiffs opted to file claims in three separate jurisdictions and to submit the same expert reports in each jurisdiction. Defendants likewise opted to submit the same experts in the different jurisdictions. Those parties made tactical decisions that have consequences: they must defend those experts in each jurisdiction. It is not this Court's burden to save the parties from having to spend additional money because of their decisions.

Defendants' paean to efficiency has no limiting principle. To save time and money, could this Court jointly preside over state plaintiff and federal plaintiff trials in Florida so that overlapping experts need only testify once? The Delaware jury could ostensibly join the Florida proceedings by Zoom, ensuring that the Delaware case (in Defendants' view) remains "in" Delaware. The jurors could even jointly

5

deliberate for efficiency through this medium, though of course they would be instructed to reach their own verdicts for their own cases based on the law supplied by the appropriate court. That is as preposterous as it sounds. But the jurisdictional rules about where a case truly *is* do not change just because the decision maker under Rule 702 is a jurist rather than a jury.

**Fourth**, and finally, where counsel or plaintiffs reside is irrelevant to the jurisdictional analysis. There is nothing disingenuous about counsel wanting to litigate their clients' cases in the court where they are on file. Objecting Plaintiffs filed their cases in Delaware State Court and expected their cases to proceed in Delaware.

Curiously, Defendants claim that because Objecting Plaintiffs are not from Delaware, a joint Rule 702 motion "will not affect any plaintiff's substantive rights." (Def. Br. at 7.) But whether the substantive law of a plaintiff's claims is controlled by Delaware or some other state's law, a hearing regarding the admissibility of a party's experts absolutely affects that party's substantive rights.

## CONCLUSION

For these reasons, Objecting Plaintiffs urge this Court to not hold a joint hearing on the exclusion of expert testimony in this case.

Dated: March 27, 2026                    Respectfully submitted,

                                           **COLLINS PRICE WARNER WOLOSHIN**

6

*/s/ Raeann Warner*
Collins Price Warner Woloshin
Raeann Warner,
Esquire (I.D. 4931)
8 East 13th Street
Wilmington, DE 19801
Telephone: (302) 655-4600

**RHOADES & MORROW LLC**

*/s/ Joseph J. Rhoades*
Rhoades & Morrow LLC
Joseph J. Rhoades, Esquire (I.D. 2064)
Stephen T. Morrow, Esquire (I.D. 4891)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 427-9500

**KELLER POSTMAN LLC**
Ashley Keller, Esquire (*pro hac vice*)
ack@kellerpostman.com
Nicole Berg, Esquire (*pro hac vice*)
ncb@kellerpostman.com
150 N. Riverside Ave., Suite 4100
Chicago, IL 60606
Telephone:   (312) 741-5220
Facsimile: (312) 971-3502

**KELLER POSTMAN LLC**
John James Snidow, Esquire (*pro hac vice*)
jj.snidow@kellerpostman.com
John M. Masslon II, Esquire (*pro hac vice*)
john.masslon@kellerpostman.com
1101 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Telephone: (202) 968-0239
Facsimile: (312) 971-3502

7

**PULASKI KHERKHER, PLLC**
Adam Pulaski  (*pro hac vice*)
2925 Richmond Ave., Suite 1725
Houston, TX 77098
Phone: (713) 664-4555

**MATTHEWS & ASSOCIATES**
David P. Matthews (Pro Hac Vice)
Mark E. Chavez (Pro Hac Vice)
2905 Sackett Street
Houston, Texas 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7132

*Attorneys for Plaintiffs*

8