**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Cases | Case No. 3:25-md-3140<br><br><br>Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

**PRETRIAL ORDER NO. 30A**
**(Application of Rulings on Preemption and**
**Rule 702 Motions to All Individual Actions)**

On January 27, 2026, the Court entered Pretrial Order No. 30, ECF No. 534, implementing procedures with respect to how the Court's rulings on Defendants' preemption motion and the Parties' Rule 702 motions would be applied to all pending and future directly filed or transferred MDL cases.  In light of the agreement entered into by Plaintiffs' Lead Counsel and Defendants Pfizer Inc., Pharmacia LLC, and Pharmacia & Upjohn Co. LLC ("the Parties"), pursuant to which all Plaintiffs with cases pending in the MDL who meet the eligibility criteria agreed to by the Parties will have an opportunity to resolve their claims ("global agreement"), the Court hereby supplements PTO 30 to provide further guidance on Defendants' pending preemption motion and the Parties' pending Rule 702 motions.

## I.  Preemption

In light of the aforementioned developments, the Court will postpone ruling on Defendants' pending Motion for Summary Judgment Based on Federal Preemption, ECF No. 413.[1]

## II.  General Causation

The evidentiary hearing on the Parties' pending Rule 702 motions now set for June 24-25, 2026, ECF Nos. 610, 639, will be continued to July 27, 2026 and will be held in Pensacola.  The Court anticipates proceeding with that hearing and ruling on the Rule 702 motions in the ordinary course because the Parties' global agreement, once finalized, will not resolve all cases in the MDL, given that only Plaintiffs who meet the eligibility criteria agreed to by the Parties will have an opportunity to participate.  In light of the global agreement, however, the Court supplements PTO 30 as follows:

**Scope of hearing.**  Previously, in consultation with the judges presiding over the Depo-Provera coordinated proceedings in Delaware and New York state courts, where the MDL Parties designated the same general causation experts and filed parallel motions to exclude those experts, the Court set its Rule 702 hearing as a joint hearing with the Delaware and New York courts, with the hearing to occur in

---

[1] The motion was also filed in all five Pilot Cases.

Case No. 3:25-md-3140

Pensacola.  ECF Nos. 610, 639.  Given that the Court is continuing the hearing date in the MDL in light of the global agreement, the new July 27, 2026 hearing will no longer be a joint hearing with the Delaware court.[2]

**Currently pending cases.**  In PTO 30, entered January 27, 2026, the Court ordered that "[t]o the extent any Plaintiff with a pending case in the MDL as of the date of this Order wishes to submit additional briefing on the general causation challenge or submit her own general causation experts, that Plaintiff must, after consulting with Plaintiffs' Leadership counsel, file a motion requesting leave to do so."  ECF No. 534 at 4.  Similarly, the Court ordered that "if any Plaintiff with a case filed in or transferred to this MDL after the date of this Order but before the Court rules on Defendants' Rule 702 motions wishes to submit additional briefing on the general causation challenge or submit her own general causation experts, the same procedure . . . will apply, except that the Plaintiff must file her motion for leave within three (3) days of Plaintiff's case being docketed in the MDL."  *Id.* at 5.

No Plaintiff with a case pending in the MDL as of the entry of PTO 30 or that was filed in or transferred to the MDL between the entry of PTO 30 and the date of

---

[2] The New York state court judge had previously issued an order stating that she would not attend the June 24-25, 2026 hearing in person and instead would rely on the transcript of such hearing in ruling on the New York motions (with the parties' consent), but she also gave the parties in that litigation an opportunity to request an additional evidentiary hearing in New York, provisionally set for July 27, 2026.

Case No. 3:25-md-3140

this Order has moved for leave to submit her own general causation experts or her own briefing on Rule 702 motions.  The time to do so having expired, any such Plaintiffs will be bound by the Court's ruling on the pending Rule 702 motions as to the general causation element of their claims.  Any Plaintiff's counsel who is not part of Plaintiffs' Leadership but who wishes to present oral argument on the pending Rule 702 motions at the July 27, 2026 hearing should give notice to Plaintiffs' Leadership and the Court within seven (7) days of the entry of this Order.

**Cases directly filed in or transferred to the MDL after the date of this Order.**  After the Court rules on the pending Rule 702 motions, it will issue further orders to address how, if at all, its rulings will apply to cases that are filed in or transferred to this MDL after the date of this Order, with an exception:  Any cases filed by the law firms of Plaintiffs' Leadership counsel appointed in PTO 18, ECF No. 180, or re-appointed in PTO 31, ECF No. 593, after the date of this Order will be bound by the Court's Rule 702 rulings without any additional proceedings.

**SO ORDERED** this 15th day of June, 2026.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:25-md-3140