**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: *All Cases* | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**DEFENDANTS' MOTION TO SUBSTITUTE PILOT CASES**
**AND TO ADDRESS THRESHOLD STATUTE OF LIMITATIONS**
**DEFENSES IN NEW PILOT CASES**

On February 23, 2025, this Court entered Case Management Order No. 1, in which "the Court [] selected [] five Pilot cases to proceed through discovery and trial" to facilitate "effective management of this MDL." ECF No. 72 at 3-4. As the Court is aware, Plaintiffs' Lead Counsel and Defendants have recently reached an agreement under which all Plaintiffs with cases pending in the MDL who meet the eligibility criteria agreed to by the Parties will have an opportunity to resolve their claims. The Plaintiffs in each of the five Pilot cases meet the agreed eligibility criteria for the settlement program and as a result will have the opportunity to resolve their claims. Defendants therefore move the Court to replace the five existing Pilot cases with the three new Pilot cases proposed below,

1

none of which (based on the allegations in the complaints) are eligible to participate in the settlement. This substitution will serve two primary purposes:

**Litigating Rule 702 Motions**. The Parties' pending Rule 702 motions are docketed in the main MDL docket and in the five existing Pilot cases. The Court notified all MDL parties that although the motions would be litigated and presented in the Pilot cases, it "intend[ed] its rulings on Defendants' … Rule 702 motions to apply to all cases in the MDL" pending at the time of the rulings. Pretrial Order No. 30, ECF No. 534 at 2. Because the five Pilot cases are now eligible for the settlement program, Defendants submit that the motions should be litigated and presented in cases with Plaintiffs who are not eligible to participate in the settlement, so that there is no question that the motions are being argued and decided in actively litigated cases.

The three replacement Pilot cases that Defendants propose below were filed before June 15, 2026, which means that the Plaintiffs in those cases are subject to both Pretrial Order No. 30, ECF No. 534, and Pretrial Order No. 30A, ECF No. 661. Under those Pretrial Orders, each of these Plaintiffs had the opportunity to seek "to submit additional briefing on the general causation challenge or submit her own general causation experts" if desired, ECF No. 534 at 4-5, but none chose to do so, ECF No. 661 at 3-4. As a result, the Rule 702 motions are fully briefed

for purposes of these cases, and can be filed and argued in them.[1]  The Court has

set the hearing on the motions for September 18, 2026, ECF No. 675, which gives

counsel in these cases more than sufficient time to prepare for argument of the

motions.

**Litigating Defendants' Threshold Statute of Limitations Defenses**.  As

the Court knows, hundreds of cases have been filed in the MDL after March 27,

2026, which was the two-year anniversary of the publication of the Roland

epidemiological study, the results of which prompted this litigation to begin.

Based on the face of the complaints, many of these recently-filed cases involve

plaintiffs who used Depo-Provera and were diagnosed with meningioma before

March 27, 2024, and who are from states with two-year statutes of limitations for

personal injury actions.  As a result, Defendants believe these cases are time-

barred, and have pleaded the statute of limitations as an affirmative defense in their

answers to the complaints.

This is a threshold legal issue that will be applicable to a large number of

cases that continue to be filed in the MDL, including cases where the plaintiff is

not eligible for the settlement program.  Thus, Defendants request that the Court

address the issue now, through new Pilot cases that allege, on the face of the

---

[1] Procedurally, Defendants would simply file in the dockets for the new Pilot cases all the Rule 702 motion papers that had been filed in the main MDL docket and the original five Pilot cases' dockets.

3

complaint, dates and claims that squarely implicate Defendants' statute of limitations defense. An example is one of the cases Defendants suggest below as a new Pilot case: *Yeager v. Pfizer Inc. et al.*, Case No. 3:26-cv-3733-MCR-HTC (Filed May 7, 2026). The complaint in this case alleges that the Plaintiff used Depo-Provera from 1994 to 1999 and was diagnosed with meningioma in 2021. It also alleges that Plaintiff resides in Georgia, a state with a two-year statute of limitations for all personal injury actions. The case thus presents the question of whether a complaint filed after March 27, 2026 (the two-year anniversary of the Roland publication) with a meningioma diagnosed prior to March 27, 2024 is time-barred.

Defendants suggest the following three cases as the new Pilot cases:

1. *Yeager v. Pfizer Inc. et al.*, Case No. 3:26-cv-3733-MCR-HTC (Filed May 7, 2026) (Designated Forum: Georgia)

2. *Davis v. Pfizer Inc. et al.*, Case No. 3:26-cv-03826-MCR-HTC (Filed May 15, 2026) (Designated Forum: Arizona)

3. *Ponder v. Pfizer Inc. et al.*, Case No. 3:26-cv-03896-MCR-HTC (Filed May 25, 2026) (Designated Forum: Texas)

These cases present the same statute of limitations fact pattern, and they involve three different states that have two-year statutes of limitations with discovery rules. Defendants have answered these complaints and asserted a statute

4

of limitations defense.  And based on the allegations in the complaints, none of these plaintiffs are eligible for the settlement program.  As such, the Court's rulings on limitations-based summary judgment motions in these three cases will have wide applicability to plaintiffs who are not eligible for or participating in the settlement.

To develop a summary judgment record for statute of limitations purposes, Defendants propose a forty-five (45) day period during which Defendants can serve limited written discovery on statute of limitations-related issues, to include no more than five (5) interrogatories and five (5) requests for production per Pilot case.  Following written discovery, Defendants propose that they be allowed to take the deposition of each plaintiff, limited to statute of limitations-related facts and, thus, to two (2) hours per deposition.

Defendants have filed this Motion on the main MDL docket and on the dockets for each of the three proposed replacement Pilot cases, and served the same on those plaintiffs' counsel.  Should the Court grant this motion and approve Defendants' proposal, Defendants suggest that the parties in these cases should be required to meet and confer on a schedule for summary judgment briefing on the statute of limitations defense.  Defendants request that the Court address this Motion during the July 27, 2026 case management conference.

DATED: July 14, 2026                              Respectfully submitted,

<u>*/s/ Joseph G. Petrosinelli*</u>
Joseph G. Petrosinelli
Jessica Bodger Rydstrom
WILLIAMS & CONNOLLY LLP
680 Maine Ave., SW
Washington, DC 20024
Telephone: (202) 434-5000
jpetrosinelli@wc.com
jrydstrom@wc.com

Loren H. Brown
Matthew A. Holian
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4500
loren.brown@us.dlapiper.com

*Counsel for Defendants Pfizer
Inc., Pharmacia & Upjohn Co.
LLC, and Pharmacia LLC*

## **CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing **MOTION TO SUBSTITUTE PILOT CASES AND TO ADDRESS THRESHOLD STATUTE OF LIMITATIONS DEFENSES IN NEW PILOT CASES** contains 1,080 words, consistent with Northern District of Florida Local Rule 7.1(F).

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, I caused the foregoing **MOTION TO SUBSTITUTE PILOT CASES AND TO ADDRESS THRESHOLD STATUTE OF LIMITATIONS DEFENSES IN NEW PILOT CASES** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli