**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| **IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to:**<br>**Katherine Allison Ponder v. Pfizer Inc., Pharmacia & UpJohn CO. LLC.** | **MDL No. 3:25-md-3140-MCR-HTC**<br><br>**Judge M. Casey Rodgers**<br>**Magistrate Judge Hope T. Cannon** |

# PLAINTIFF KATHERINE ALLISON PONDER'S RESPONSE TO DEFENDANTS' MOTION TO SUBSTITUTE PILOT PLAINTIFFS AND TO ADDRESS THRESHOLD STATUTE OF LIMITATIONS DEFENSES IN NEW PILOT CASES

## INTRODUCTION

This Motion presents two distinct procedural questions. The first is whether the Court should designate substitute Pilot Plaintiffs. The second is whether the Court should simultaneously initiate plaintiff-specific statute-of-limitations proceedings in those newly designated cases.

Ms. Ponder does not oppose the requested substitution.[1] The requested substitution and Defendants' request for plaintiff-specific statute-of-limitations proceedings present distinct procedural questions. The Court need not decide the second question in order to grant the first.

---

[1] Ms. Ponder does not waive and expressly preserves any argument available under the governing law concerning accrual, the discovery rule, inquiry notice, tolling, equitable doctrines, or any other statute-of-limitations issue should Defendants later seek summary judgment on those grounds.

1

The Court has established a phased process for the Pilot Cases and has entered successive orders governing the litigation of threshold issues. Case Mgmt. Order No. 1, ECF No. 72, at 4–5; Pretrial Order No. 30, ECF No. 534, at 2; Pretrial Order No. 30A, ECF No. 661, at 1–4.

Accordingly, the Court may grant the uncontested request to designate substitute Pilot Plaintiffs without reaching Defendants' separate request for plaintiff-specific statute-of-limitations proceedings.

## ARGUMENT

## I. THE COURT MAY DESIGNATE SUBSTITUTE PILOT PLAINTIFFS WITHOUT DECIDING WHETHER TO INITIATE PLAINTIFF-SPECIFIC STATUTE-OF-LIMITATIONS PROCEEDINGS.

Defendants seek to substitute the original Pilot Plaintiffs based on developments relating to the parties' settlement program. Ms. Ponder does not oppose substitution. However, Ms. Ponder takes no position on whether the proposed substitutions satisfy the objectives identified in Defendants' Motion or on the eligibility of any plaintiff to participate in that program. Defendants separately ask the Court to authorize plaintiff-specific written discovery, depositions, and summary judgment proceedings directed to statute-of-limitations issues in the newly designated Pilot cases.

2

Case Management Order No. 1 establishes the framework for the Pilot Cases. It provides that "[t]he work of the MDL will be accomplished through the Pilot cases" and explains that common issues and defenses will be addressed first, followed by traditional case-specific discovery and dispositive motions. Case Mgmt. Order No. 1, ECF No. 72, at 4–5.

Consistent with that structure, the Court later explained that the five Pilot Cases are the cases "through which the Parties are litigating and presenting these threshold issues"—Defendants' preemption defense and the Rule 702 challenges—and that its rulings on those issues are intended to apply throughout the MDL. Pretrial Order No. 30, ECF No. 534, at 2.

Following the developments addressed in Pretrial Order No. 30A, the Court supplemented those procedures by postponing its ruling on Defendants' preemption motion, continuing the Rule 702 proceedings, and providing additional guidance concerning the application of those rulings. Pretrial Order No. 30A, ECF No. 661, at 1–4.

In addition to requesting substitution, Defendants ask the Court to initiate plaintiff-specific statute-of-limitations discovery and summary judgment proceedings in the substitute Pilot cases.

The requested substitution and Defendants' additional request for plaintiff-specific statute-of-limitations proceedings present distinct procedural questions. Ms. Ponder

does not oppose substitution. Because designation of substitute Pilot Plaintiffs does not depend upon simultaneously deciding Defendants' separate request for plaintiff-specific statute-of-limitations proceedings, the Court may grant the uncontested substitution request while deferring consideration of Defendants' additional request.

## II. THE COURT NEED NOT DECIDE DEFENDANTS' ADDITIONAL REQUEST IN ORDER TO GRANT THE REQUESTED SUBSTITUTION.

District courts possess broad discretion to control the sequence and timing of proceedings to promote the orderly and efficient administration of litigation. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Defendants' additional requests contemplate plaintiff-specific interrogatories, requests for production, depositions, and subsequent summary judgment motions. Whether such proceedings should be initiated presents a procedural question separate from the designation of substitute Pilot Plaintiffs. The Motion does not identify a reason why designation of substitute Pilot Plaintiffs depends upon simultaneously deciding Defendants' separate request for plaintiff-specific statute-

of-limitations proceedings. If the Court later determines that plaintiff-specific statute-of-limitations proceedings are appropriate, the parties can confer regarding an orderly procedure and schedule at that time. There is no apparent need to establish such proceedings as part of the substitution request.

Because Ms. Ponder does not oppose substitution, the Court need not decide Defendants' separate request for plaintiff-specific statute-of-limitations proceedings in order to grant that relief.

## CONCLUSION

Ms. Ponder does not oppose Defendants' request to designate substitute Pilot Plaintiffs. Because the requested substitution does not require simultaneous resolution of Defendants' separate request for plaintiff-specific statute-of-limitations proceedings, the Court should grant the substitution request and defer consideration of the requested plaintiff-specific statute-of-limitations proceedings.

DATED: July 20, 2026                            Respectfully submitted,

*/s/Michael Hochman*
*Michael A. Hochman MD, JD*
*THE CLAIMBRIDGE PLLC*
*5411 McPherson Rd Ste. 110*
*Laredo, Texas 78041*
*Telephone: (956) 704-5187*
*Facsimile: (956) 368-1343*
*mike@theclaimbridge.com*

5

# CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing **PLAINTIFF KATHERINE ALLISON PONDER'S RESPONSE TO DEFENDANTS' MOTION TO SUBSTITUTE PILOT PLAINTIFFS AND TO ADDRESS THRESHOLD STATUTE OF LIMITATIONS DEFENSES IN NEW PILOT CASES** contains 832 words, consistent with Northern District of Florida Local Rule 7.1(F).

/s/Michael Hochman

Michael A. Hochman MD, JD

6

# CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, I caused the foregoing **PLAINTIFF KATHERINE ALLISON PONDER'S RESPONSE TO DEFENDANTS' MOTION TO SUBSTITUTE PILOT PLAINTIFFS AND TO ADDRESS THRESHOLD STATUTE OF LIMITATIONS DEFENSES IN NEW PILOT CASES** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/Michael Hochman

Michael A. Hochman MD, JD