**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| IN RE: DEPO-PROVERA (DEPOT MEDROXYPROGESTERONE ACETATE) PRODUCTS LIABILITY LITIGATION | Case No. 3:25-md-3140 |
| This Document Relates to: All Cases | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

## CASE MANAGEMENT ORDER NO. 12

On July 27, 2026, the Court held the twelfth Case Management Conference ("CMC") in the *Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation*, MDL No. 3140. This was a Joint CMC held with the courts of New York (Justice Sabrina Kraus) and Delaware (Judge Kathleen Vavala). MDL Lead Counsel Chris Seeger along with Co-Lead Counsel Bryan Aylstock and Ellen Relkin appeared for Plaintiffs.[1] Defense counsel Joe Petrosinelli, Jessica Rydstrom, and Jeremy Branning appeared on behalf of the Pfizer Defendants. Also present was Special Master Judge David Herndon, Magistrate Judge Cannon, by phone, and Orran Brown and Jake Woody for the Data Administrator, BrownGreer PLC, by Zoom. This Order memorializes matters heard and decided during the CMC.

---

[1] Additionally, the following attorneys were present and addressed the Court: Julia Merritt and Katherine Cornell for Plaintiffs, Nicholas Mucerino for Plaintiff Vivian Davis, Stephen Edwards for Plaintiff Christina Yeager, and Michael Hochman for Plaintiff Katherine Allison Ponder, by Zoom.

Foremost on the agenda, the Court noted that on June 15, 2026, Leadership Counsel announced a Settlement of a majority of the claims in the MDL and New York state court.[2]  Since that date, cases have continued to be filed on the Court's docket, although at a greatly reduced rate.  As of July 27, 2026, the member case filings had increased to 6,289 total actions.

The Court reviewed the docket activity since the last CMC, which, in addition to the Settlement, reflects that Leadership Counsel were reappointed on March 20, 2026; the Parties completed general causation discovery; and as of June 5, 2026, the Parties had fully briefed their general causation summary judgment and related Rule 702 motions.  The hearing on those motions is scheduled for September 18, 2026, following the next CMC.  With the announcement of the Settlement on June 15, the Court vacated the scheduling order for the Pilot cases because those Plaintiffs are eligible to participate in the Settlement and canceled the December trial.  ECF No. 660.  The Court also entered an amended procedure to accommodate any individual who elected to separately brief or argue the upcoming general causation issues, *see* PTO 30A, ECF No. 661.[3]

---

[2] A Master Settlement Agreement ("MSA") was signed by the Parties on July 21, 2026. The eligibility terms of the MSA govern which Plaintiffs will be entitled to participate in the Settlement, but the Parties estimate that roughly 80% of all MDL Plaintiffs will be eligible.

[3] No litigant has timely indicated an intent to proceed on arguments independently of the briefing filed by Leadership Counsel.

Plaintiffs' Leadership Counsel, Mr. Seeger, and Defendants' Counsel, Mr. Petrosinelli, provided a brief overview of the MSA, the details of which will be presented to Plaintiffs through a town hall meeting. Importantly, this is a private agreement governed by a confidentiality agreement.[4] They explained that eligibility for participation is defined within the MSA and will not be impacted by any future Court ruling on the legal issues that remain outstanding in the MDL.[5] The Parties request that BrownGreer be appointed as Settlement Administrator and will be filing motions for the appointment. The Parties represent that Settlement registration should be completed in November 2026, with the claims process beginning to be completed and payments beginning to roll out by the first quarter of 2027. Leadership requests that the Court establish a no-filing-fee administrative docket to facilitate the claims review process, proposing that cases on the administrative docket would be transferred to the Court's active docket and required to pay a filing fee only if a Plaintiff is ultimately deemed ineligible for the Settlement and decides to proceed to litigation.

---

[4] The Settlement is not subject to a fairness determination by the Court because this MDL is not a class action. However, having been apprised of its terms, the undersigned did express the opinion that the Settlement offers an excellent outcome to thousands of eligible litigants, who now will have the opportunity to settle their claims without the need for protracted litigation or undue expense.

[5] Currently, the issues of preemption and general causation have been worked up for rulings. The Court will rule on these issues for purposes of cases that are ineligible for the Settlement or individuals who opt out. But those rulings will not impact those Plaintiffs who are eligible for and elect to participate in the Settlement.

The Court approved of these proposals.  The Court will enforce the Parties' confidentiality agreement and establish a no-fee administrative docket, as requested. The Parties also may file motions for the appointment of BrownGreer as Settlement Administrator and any other administrative appointments necessary to facilitate the settlement process.  And, the Court will enter a separate Order to govern ongoing litigation in cases that opt out of the Settlement or are not eligible to participate.  The undersigned commends Leadership Counsel for their hard work on reaching this Settlement.

The Court also heard arguments on Defendants' Motion to Substitute Pilot Cases and to Address Threshold Statute of Limitations Defenses in New Pilot Cases, ECF No. 678.  Defendants selected three cases to be substituted as new Pilot cases, in light of the fact that the original Pilot Plaintiffs are eligible to participate in the settlement, namely, *Christina Yeager v. Pfizer, Inc., et al.,* No. 3:26-cv-3733-MCR/HTC, *Vivian Davis v. Pfizer, Inc., et al*., No. 3:26-cv-3826-MCR/HTC, and *Katherine Allison Ponder v. Pfizer, Inc., et al*., No. 3:26-cv-3896-MCR/HTC. Defense counsel also explained the benefits of proceeding with these cases on an expedited schedule focused on the statute of limitations issue, which could be broadly applicable.  At the CMC, Plaintiffs' attorneys each consented to the substitution, indicated counsel's intent to adopt the previously filed briefing, and acknowledged that they are prepared to go forward with the hearing on September

18, 2026. Plaintiffs also agreed to the proposal to work up the statute of limitations issue on an expedited schedule, with the exception that counsel for Ms. Davis requested a slight delay to accommodate her recovery period from recent medical treatments. Ms. Davis's attorney proposed proceeding first with written discovery, with Ms. Davis's deposition not to begin before September 12, 2026, which is reasonable. The Court agrees that substitution is appropriate and that teeing up the statute of limitations issue first is the most efficient way to proceed. The Court also appreciates counsels' willingness to be prepared to go forward with the general causation and Rule 702 motions as scheduled. The Court will enter a separate order granting the motion.

The Court also heard updates from the Data Administration Subcommittee and BrownGreer on the Parties' compliance, deficiency, and cure procedures regarding the filing of complaints and threshold proof of use and injury requirements. This process continues to work smoothly with little input from the Court. The undersigned greatly appreciates the hard work of the Subcommittee and BrownGreer. As explained by Leadership Counsel, this process was integral to their ability to move forward with early and successful settlement discussions.

The State-Federal Liaison Counsel Committee reported on the progress of Depo-Provera litigation in state courts. Counsel reported that there are currently 129

cases in New York and 410 in Delaware.[6]  In California (118 cases) preemption has been briefed and bellwether cases selected, and additional state court litigation is in the early stages in Connecticut (13 cases; 76 plaintiffs), Minnesota (72 cases; 6,899 plaintiffs), Illinois (12 cases), New Mexico (2 cases), New Hampshire (1 case), Washington (1 case), and Wisconsin (1 case).

Looking ahead, it was agreed that there is no need for a CMC in August, so the previously scheduled CMC on August 21, 2026, is **CANCELED**.  The next CMC will be held on **Friday, September 18, 2026, at 9:00 a.m. (CT)**, with the general causation/Rule 702 hearing to follow.  The Parties' Joint Agenda Letter is due by **12:00 p.m. (CT) on Monday, September 14, 2026,** to the MDL court, the New York court, the Delaware court, and the California court.

**SO ORDERED** this 27th day of July 2026.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[6] Judge Vavala heard arguments on Rule 702 motions on June 25, 2026, and the motions are under review.